CHAMPION, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF MINNEHAHA COUNTY, Respondent.

1. Certiorari—Writ—Sufficiency.

Upon the affidavit of C. the district court, in the name of the territory, issued a writ of *certiorari* to a board of county commissioners to review their action in submitting to the voters of the county, under the "local option law," the question of prohibiting the sale of intoxicating liquors upon a petition alleged to contain the names of a less number of voters than required by the law. The writ charging the facts contained in the affidavit alleged that the said board, without a petition having been presented to them, signed by at least one-third of the legal

voters of the county as shown by the last preceding general election, ordered an election to be held on the question of prohibiting the sale of intoxicating liquors in said county; that the said C. is beneficially interested in the result of said election, he being in the retail liquor business in a city of said county, and having property in said business that would be greatly deteriorated in value if said election was regular and proper; that he had applied to said city for a license to carry on said business, and had been refused the same because of the said election, and for no other reason. After return, and without a hearing on the merits, *held*, the court erred in quashing the writ on any of the following grounds.

1. It does not appear the board has exceeded its jurisdiction.
2. The writ fails to show on its face any case in which it ought to issue.
3. The writ is informal, defective, and insufficient.
4. Because the powers of the board in regard to the matters therein referred to had ceased.
5. The writ is not properly entitled.
6. It does not show C. a party beneficially interested, so as to entitle him to institute this proceeding.
7. There is a remedy by appeal.
8. The action complained of was ministerial.

**2. Same—Appeal—Review—Discretion.**

Although this writ is discretionary, still, its dismissal appearing not to be based upon discretion, the appellate court will examine the grounds thereof, and, if found insufficient, will reverse and remand for action on the merits, and an exercise of discretion.

**3. Same—Party Beneficially Interested**

The action complained of may be common in character, but, if it be special in amount or degree, the complainant is beneficially interested within the meaning of the law.

**4. Same—Appeal.**

Although this writ under section 685, C. C. Pro., cannot issue where there is a writ of error or appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and by section 46, c. 21, Pol. C., an appeal is given to any person aggrieved "from all decisions of the board of county commissioners," still the matter before the board in this case was such that jurisdiction could not have been conferred upon the district court to have heard it originally, and it could not take it by appeal. *Certiorari* was the only remedy.

(Argued February 20, 1888; reversed February 24; opinion filed February 13, 1889.)

Appeal from district court of Minnehaha county; Hon. C. S. PALMER, Judge.

*Winsor & Kittredge,* for appellant.

By chapter 70, Laws 1887, § 1, the board of county commis
sioners are only authorized to act in case of certain events, viz.:
(1) That a petition shall be presented to them; (2) it shall be
signed by at least one-third of the legal voters of the county;
and (3) that the only evidence that the county commissioners
can regard, or look at, in measuring the qualifications of these
voters, is the list of those who voted at the last preceding gen-
eral election.    *Loomis* v. *Bailey,* 45 Iowa, 403; *Herrick* v. *Car-
penter,* 6 N. W. Rep. 574; *Bennett* v. *Hetharington,* 41 Iowa, 142.

Our statute upon the subject of *certiorari* is a copy of that of
California.    *Keys* v. *Board of Supervisors,* 42 Cal. 252, decides
several things that are brought up in this case.    We call atten-
tion particularly to two facts there decided.    They hold that the
proceedings of a board of supervisors in laying out a highway
involved the exercise of judicial functions sufficiently to review
by a writ of *certiorari*.    The courts of New York, Wisconsin,
Michigan, and others have decided over and over again that the
proceedings of a board of supervisors, whenever they exercised
judicial functions in any way, are reviewable by this writ.    Our
statute makes them so.    This case also decided that they would
consider the length of time in which an appeal could be taken
from the district to the supreme court in passing upon the time
between the action of the board and the issuing of the writ.

It is said we had a right of appeal from the action of the
board.    A special statute conferring special powers for a special
purpose cannot become so incorporated into the general act
prescribing the powers and duties of the board that a right of ap-
peal can exist under the general act.    *Bosley* v. *Ackelmire,* 39
Ind. 536; *Commissioners of Scott County* v. *Smith,* 40 Ind. 61;
*Moffit* v. *The State,* Id. 217; *Commissioners* v. *Markle,* 46 Ind. 96.

The writ must be granted on the application of a party ben-
eficially interested.    This is the same language as is used in the
statute in reference to *mandamus*.    The supreme court of Cali-
fornia, in *Linden* v. *Board of Supervisors of Alameda County,*

45 Cal. 6, says that "this necessarily means that in application made by a private party his interest must be of a nature which is distinguishable from that of the mass of the community." We have brought ourselves within that rule. The petitioner, as is shown, was during the year 1887 a licensed retail liquor dealer, and had a large amount of property engaged in said business. By the action of the board it has cut him off from further pursuing his business. He can no longer obtain a license. His property is greatly depreciated in value, and he has become liable to the penalties of the law. See *Maxwell* v. *Supervisors*, 53 Cal. 389.

The duty of the court was to review the action of this board, —not simply to look at their resolution, but to carefully review the names upon the petitions, and the names upon the poll-list, and from that see whether the board had acted with or without jurisdiction in ordering the election. *Stone* v. *Miller*, 14 N. W. Rep. 782; *State* v. *Nemaha County*, 10 Neb. 32, 4 N. W. Rep. 373.

*A. A. Polk* and *H. H. Keith*, for respondent.

An order quashing a writ of *certiorari* is discretionary, and will not be reviewed on appeal. *People* v. *Court of Common Pleas*, 28 How. Pr. 477; *People* v. *Stilwell*, 19 N. Y. 531; *People* v. *Hill*, 53 N. Y. 547; *People* v. *Ferris*, 76 N. Y. 326; *People* v. *Fire Commissioners*, Id. 605; *People* v. *Board of Tax Commissioners*, 85 N. Y. 650; *People* v. *McCarthy*, 102 N. Y. 630, 8 N. E. Rep. 85.

It is a well-established rule, and needs no citation of authorities, that an appellate court will not review discretionary orders.

The allowance of the writ rests in the sound discretion of the court, and it has often been denied when the power to issue it was unquestionable, and when there was apparent error in the proceedings to be reviewed. The court will always be guided by considerations of the public detriment or convenience in using its discretion. *People* v. *Supervisors*, 15 Wend. 198; *People* v. *Mayor, etc., of N. Y.*, 2 Hill, 9; *Matter of Mount Morris*

*Square,* Id. 28; *Inhabitants of Rutland* v. *County Commissioners,* 20 Pick. 71; *State* v. *Lowery,* (N. J.) 8 Atl. Rep. 513; *Trustees, etc.,* v. *School Directors,* 88 Ill. 100; *Keys* v. *Marin County,* 42 Cal. 265; *Spring Valley* v. *Bryant,* 52 Cal. 140; *Rockingham* v. *Westminister,* 24 Vt. 288; *Crosby* v. *Probate Court,* 5 Pac. Rep. 552.

A writ of *certiorari* may be set aside or quashed by the court after the return, or at any stage of the proceedings. *S. & W. R. R. Co.* v. *Trustees, etc.,* 5 How. Pr. 378; *Ball* v. *Warren,* 16 How. Pr. 379; *People* v. *Common Council of Utica,* 45 How. Pr. 289; *People* v. *Stilwell,* 19 N. Y. 531–533; *State* v. *Lowery,* 49 N. J. Law, 391, 8 Atl. Rep. 513; *People* v. *City of Kingston,* 101 N. Y. 82, 4 N. E. Rep. 348.

As a rule, courts will not review the official action of public officers at the suit of a private individual who has no peculiar interest therein, nor will they be allowed to sue out a writ of *certiorari* for that purpose. *Holden* v. *Village Council,* 34 N. W. Rep. (Minn.) 336; *Iowa News Co.* v. *Harris,* 17 N. W. Rep. (Iowa,) 745; *Conkling* v. *County Commissioners,* 13 Minn. 454, (Gil. 423;) *Miller* v. *Town of Palermo,* 12 Kan. 14; *McMillan* v. *Butler,* 15 Kan. 65; *State* v. *County Clerk,* 59 Wis. 15, 16 N. W. Rep. 617; *Bates* v. *Plymouth,* 14 Gray, 163; *Heffner* v. *Com.,* 28 Pa. St. 108; *Bobbett* v. *State,* 10 Kan. 9; *Craft* v. *Jackson County,* 5 Kan. 313.

The appellant is guilty of laches, and is estopped from questioning the regularity or jurisdiction of the board of county commissioners in making the order complained of. *Ellis* v. *Karl,* 7 Neb. 381; *Hager* v. *Supervisors,* 47 Cal. 228, 229.

A writ of *certiorari* ought not to be granted, even if the record of the inferior tribunal, when returned, would appear to be defective or informal, where, if the proceedings of the board are quashed, the parties cannot be placed in *statu quo.* *Rutland* v. *County Commissioners,* 20 Pick. 71; *Hager* v. *Supervisors,* 47 Cal. 222.

The powers and functions of the board to which said writ was directed, in regard to the matter therein referred to, had ceased, and a *certiorari* will not lie to an inferior tribunal except to re-

move proceedings which remain before it. *People* v. *Commissioners,* 30 N. Y. 72; *People* v. *Commissioners,* 43 Barb. 494; *Corwin* v. *Walter,* 68 N. Y. 403; *People* v. *Supervisors,* 1 Hill, 195.

Our statute provides that this writ may issue only when there is no writ of error or appeal, or any other plain, speedy, and adequate remedy. There was a right of appeal. Section 46, c. 21, Pol. C. See, also, subdivision 6, § 29, same chapter; *Adams* v. *Wood,* 8 Cal. 316; *Robinson* v. *Currey,* 7 Q. B. Div. 475.

Our statute as to appeal is substantially like that of Indiana. See, on this subject, *Grusenmeyer* v. *City of Logansport,* 76 Ind. 550; *R. R. Co.* v. *Board of Commissioners,* 73 Ind. 213; *Hanna* v. *Board,* 29 Ind. 170; *Hauk* v. *Barthold,* 73 Ind. 25; *State* v. *Board of Commissioners,* 45 Ind. 508; *Fordyce* v. *Board of Montgomery Co.,* 28 Ind. 454; *Ellis* v. *Karl,* 7 Neb. 388; *Clark* v. *Dayton,* 6 Neb. 192.

These general appeal statutes and chapter 70 should be read and construed together.

The case of *Grusenmeyer* v. *City of Logansport,* 76 Ind., *supra,* overruled the cases of *Bosley* v. *Ackelmire,* 39 Ind. 536, and *Board of County Commissioners* v. *Smith,* 48 Ind. 61, cited in appellant's brief. The case of *Bosley* v. *Ackelmire* is founded upon the authority of *Allen* v. *Hostetter,* 19 Ind. 15, and that is founded upon the authority of *French* v. *Lighty,* 9 Ind. 475; and the court in *Hanna* v. *Board, supra,* criticises these decisions, and says that they are not supported by *French* v. *Lighty.*

If Champion did not have such an interest as would have given him the right to an appeal under the provisions of the statute above cited, then certainly he cannot maintain these proceedings, for it is well established that a person not a party to the proceedings, and not aggrieved by the decision, cannot have the same reviewed by *certiorari.* *Colden* v. *Botts,* 12 Wend. 234; *Hughes* v. *Stickney,* 13 Wend. 280; *People* v. *Overseer of Poor,* 44 Barb. 167; *Starkweather* v. *Seeley,* 45 Barb. 164; *People* v. *Andrews,* 53 N. Y. 445; *People* v. *Chapin,* 2 Cent. Rep. 467.

Section 46, c. 21, Pol. C., also provides another method of appeal from the board of county commissioners: "Any district attorney, upon the written demand of at least seven tax-payers of the county, shall take an appeal from any action of the board of county commissioners * * * when said action relates to the interests or affairs of the county at large, or any portion thereof, in the name of the county," etc.

In California no appeal from the board of supervisors is provided for by statute, and *certiorari* is the only way in which their proceedings can be reviewed.

The writ can never be substituted for an appeal when the time for taking an appeal has been suffered to elapse. *Faut* v. *Mason*, 47 Cal. 7; *Reynolds* v. *Supreme Court*, 64 Cal. 372; *Bennett* v. *Wallace*, 43 Cal. 25; *Miliken* v. *Huber*, 21 Cal. 166; *S. & W. R. R. Co.* v. *McCoy*, 5 How. Pr. 378.

The writ of *certiorari* issues only to review the proceedings of tribunals exercising judicial functions, and cannot be granted to review the ministerial acts of any board or officer. *Spring Val. W. W.* v. *Bryant*, 52 Cal. 132; *Holden* v. *Village Council*, 34 N. W. Rep. 336; *People* v. *Mayor*, 2 Hill, *supra; Matter of Mount Morris Square*, Id. 14; *People* v. *Supervisors*, 43 Barb. 232; *People* v. *Walter*, 68 N. Y. 403–410; *State* v. *Third District Court*, 5 Pac. Rep. 64; *Weisman* v. *Kemen*, 61 Wis. 494, 21 N. W. Rep. 530; *Galligan* v. *Metacomet Mfg. Co.*, 3 New Eng. Rep. 705.

The supreme court of this territory in the case of *Spencer* v. *County of Sully*, 33 N. W. Rep. 97, held that boards of county commissioners possess no judicial powers whatever.

The Iowa cases relied upon by the appellant arose under a statute concerning the relocation of county-seats, and which makes the acts of the board of supervisors judicial, by requiring them to determine by proof as to the genuineness of the signatures to the petition, etc.

TRIPP, C. J. This is a special proceeding by *certiorari*, wherein the plaintiff obtained from the district court of Minnehaha county a writ against the board of county commissioners

of that county, and the county clerk thereof, to certify up the records and proceedings of said board, wherein it decided to call an election under the "local option law" of 1887. The affidavit of the plaintiff upon which the writ issued is very full, and is set out *verbatim* in the record. The writ recites the allegations of fact relied upon as evidenced by the affidavit, and is as follows: "Whereas, it has appeared to us by the affidavit of B. B. Champion that lately, before you, or a majority of you composing at the time the board of commissioners of the county of Minnehaha, such proceedings have been had that you, or a majority, have irregularly, and without authority or jurisdiction in the premises, and without a petition having been presented to you, signed by at least one-third of the legal voters of the said county of Minnehaha, as shown by the last preceding general election, praying that the question of prohibition of the sale of intoxicating liquors be submitted to a vote of said county, and that you did order an election to be held on the 8th day of November, 1887, on said question; and whereas, B. B. Champion is shown by said affidavit to be a person beneficially interested in the result of said election, he being a person engaged in the retail liquor business in the city of Sioux Falls, in said county, and having property which will be greatly deteriorated in value if said election, so called by you, was regular and proper, and he, the said Champion, having deposited his money for a license to sell intoxicating liquors for the six months ending July 1st, in the year 1888, and having requested such license, and tendered a proper bond to the city council of the city of Sioux Falls, which license has been refused because the result of said election in the minds of the city council of Sioux Falls is doubtful, and for that reason alone, and having been restrained by an injunction from this court from selling intoxicating liquors; and whereas, it is alleged by said B. B. Champion that your proceedings therein have been irregular, without authority, and in violation of section 1 of chapter 70 of the Laws of Dakota passed at the seventeenth session of the legislature of said territory; and that, being willing that your proceedings in the premises and appertaining thereto

should be certified and returned by you into our district court on the 14th day of January, 1888, at the court-house in the city of Sioux Falls, do command you," etc.

To this writ the commissioners made return, alleging, in substance, that a petition was presented to the board, a copy of which is made a part of their return, containing more than one-third of the legal voters of Minnehaha county, upon which an order was made calling an election as prayed for, and making a copy of the resolution and order of the board a part of their return. The board further returned that the list of the legal voters, as shown by the last preceding general election, upon which their action was based, was not in the custody of the board; whereupon the county clerk, N. E. Phillips, was made a party to the proceeding by leave of the court, and returned such list of voters as prayed for. The defendants thereupon, appearing specially, moved to dismiss the proceedings, and to quash the writ, upon the grounds which will be noticed hereafter; and the court thereupon, after reciting the issuance of the writ, the return thereof, the motion of defendants, and argument of counsel, etc., ordered "that the writ of *certiorari* heretofore granted in this matter on the application of B. B. Champion be, and the same is, set aside, dismissed, and vacated." From this order vacating the writ the plaintiff appeals, assigning as error that the court erred in dismissing the writ without a hearing upon its merits.

Sixteen reasons were assigned by the defendants why the writ should be dismissed. The prayer of the motion was granted. The order granting the motion does not specify upon which ground or grounds it was granted. From the recitation contained in, and from the words of, the order it was based upon some ground contained in the motion. It is therefore sufficient, if any ground upon which the motion was based will sustain the order. If it will not, the order must be reversed. It is not enough that a good ground could have been alleged upon which the order could have been sustained. Appellate courts hear causes and determine them upon the record made in the court

below whenever jurisdiction of the person and subject-matter are shown to exist; and the question here is, ought the court to have entertained the writ as against the reasons urged by the defendants to quash it?   This can only be determined by examination of the reasons alleged *seriatim:*

"*First.* It does not appear that the said board of county commissioners have exceeded their power of jurisdiction, nor do the matters stated in the affidavit for the writ have any tendency to establish such a fact."

That the board did not exceed their jurisdiction is the very question the court was asked to try.   It could not determine such a question by dismissing the writ.   The writ alone gave the court authority to determine the jurisdiction of the board. When it dismissed the writ, it dismissed with it the jurisdiction to determine the question before it.   The statement of the proposition is axiomatic, and contains its own argument.

"*Second.* That the affidavit and writ wholly fail to show on their face any case in which such writ ought to issue."

That the writ failed to show on its face any cause for its issue could no doubt have been raised in this way; but the proper manner would have been to point out to the other side in what way it failed to make a case.   Courts are in the habit of dismissing such motions as containing the *very fault* alleged against the other side.   Such motions are in the nature of pleas in abatement, and are presumed to give to the other side the material for a better writ.   To say "that the affidavit and writ wholly fail to show on their face any case in which such writ ought to issue," conveys to the court and to opposite counsel reasons but little more definite than that the writ ought to be set aside because it ought to be set aside; and an assignment of grounds to vacate a process of court containing no other specification ought to be disregarded.   As no point, however, has been made by counsel as to this assignment, we will pass it now; and, if any reason of counsel for affirming the order appealed from can be referred to this ground, we will consider it subsequently.

"*Third.* The writ is, in other respects, informal, defective,. and insufficient."

This is but a repetition of the second reason, without the merit even of cumulation.

"*Fourth.* The writ is not issued or directed to the proper tribunal, board, officer, or person having custody of the record, or proceedings to be certified."

No point seems to have been made upon this ground. It was issued, first, to the board; and, second, to both board and clerk, and both made return of all the records upon which the decision was based.

"*Fifth.* That the powers and functions of the board, to whom such writ is directed, in regard to the matters therein referred to, have ceased."

It is difficult to know just what was meant by the allegation that "the powers and functions of the board have ceased."

The powers and duties of the board never cease so long as there is a board. The members may change, the individuality of the board may change, but the board remains the same. If it is meant that the control of the board over this very particular subject-matter has ceased, the same is true of every executive and administrative body when it has performed an executive or administrative duty; and even of the judgment of courts, after the term at which the judgment was rendered has elapsed. Every executive and administrative act is final after the formalities by which it is performed are complied with. Yet courts have power to affirm, modify, or reverse such acts, and they affirm, modify, or reverse even the judgments of inferior courts over which the original tribunal has long lost control. Our statute of *certiorari* fully contemplates this, as provided by section 692, Code Civil Proc.: "If a return of the writ be defective, the court may order a further return to be made. When a full return has been made, the court must hear the parties, or such of them as may attend for that purpose, and may thereupon give judgment, either affirming, or annulling, or modifying the proceedings below." When such

judgment is remitted to the tribunal whose action is reviewed, the judgment of the court merely stands in place of the original decision, and subsequent proceedings had thereon will be governed accordingly.

"*Sixth.* That said writ is not entitled or properly directed."

The writ, in so far as it is set out in the abstract, runs in the name of the territory of Dakota, as required by section 8, Code Civil Proc., and is directed to the board of county commissioners. No point being made upon this by counsel at the argument, we give it no further notice.

"*Seventh.* Neither the affidavit nor writ state any facts tending to show that B. B. Champion is a party beneficially interested, so as to entitle him to institute said *certiorari* proceedings, or that he has sustained any injury by reason of the alleged acts of the said board of county commissioners."

If this objection is well taken, the writ should have been quashed. The affidavit was very full which was presented to the judge, and upon which the writ issued; and the writ, to which alone, perhaps, we can look in this application, recites that he was a retail liquor dealer, and engaged in the business at the time complained of; that he had a large amount of property which would become greatly deteriorated in value did such election result in prohibiting the sale of intoxicating liquors; that the city council had refused him license upon the sole ground that at such election the vote was against the sale of intoxicating liquor.

It is true that the private person who invokes the writ against a public officer or tribunal must show some injury to himself not common to all other persons. If the injury resulting is one affecting the public, the public alone should complain. On the other hand, if the injury be a private one, or one peculiar to himself, he alone has the right to be heard. The test is not whether a large number of persons have been injured by some act, or injured in a similar manner, but, is the injury to the complainant peculiar to himself? Can it be said, because the law

affects all liquor dealers by a deterioration of their property, that the man who loses thousands of dollars in depreciation in the value of his buildings and appurtenances and of his stock in trade suffers in common with one who loses a few hundred dollars upon buildings, fixtures, and stock, separate and distinct in ownership, character, and management? The injury may be common in character, but, if it be special in amount or degree, the complainant is beneficially interested. The decisions in which the contrary doctrine is announced are generally where some public or political right is involved, in which there is no valued loss, the political right of one man being equal to that of another, whatever his standing in life. We think the true rule is announced in *Maxwell* v. *Board*, 53 Cal. 389: "When, however, a public board or officer has exceeded the limited powers conferred by law, and the direct consequence of such excessive use of authority must be to add to the burden of local taxation, it clearly appears that, unless the act *ultra vires* be annulled, each tax-payer must suffer injury, common in character, but special in amount or degree."

"*Eighth.* That the party upon whose application the writ was issued is not beneficially interested."

This is a restatement of the seventh assignment.

"*Ninth.* That the order made by the board of county commissioners, as stated in said affidavit upon which the writ was issued, could be appealed from, and that provision is made by law for appeal from such orders, and there was otherwise a plain, speedy, and adequate remedy."

Our statute provides that the writ may issue "when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction, and there is no writ of error or appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy." Section 685, Code Civil Proc. And if, as urged by defendants, there was an appeal, or other speedy and adequate remedy, the court was authorized to dismiss this proceeding. The defendants rely upon the provision of our statute which al-

lows "an appeal from all decisions of the board of county commissioners upon matters properly before them." Section 46, c. 21, Pol. Code.

The language is broad enough to cover every decision made by the board, of whatsoever kind or character. If the language is to receive a literal construction, the district court would become an asylum for all matters occurring at the meetings of the board. Some person would always conceive himself aggrieved, and, as the cause is to be tried *de novo*, the district court would be converted into a board of county commissioners to determine matters administrative and political as well as judicial. Clearly no such construction can be given to the appeal allowed by statute. Judicial power, and all the judicial power of the territory, is expressly conferred upon the courts, to-wit, the supreme and district courts, courts of probate, and justices of the peace. The legislature can create no other court; and can confer judicial power, *strictly such*,—that which "deprives of life, liberty, or property,"—upon no other tribunal. *Quasi* judicial powers involving judgment and discretion are often, and must necessarily be, exercised by administrative and executive bodies and officers. A *judicial power*, as such, can be exercised only by the courts. The three great departments of the government are intended to be, and must be, separate and distinct. The legislature has no power to confer a strictly executive and administrative or legislative power upon the judiciary, and whenever it has sought to do so the courts have declared it void. As early as 1792 congress undertook to confer upon the courts the power to determine what soldiers should be placed upon the pension list, but the supreme court declared the act unconstitutional and void, in that the determination of who were and who were not entitled to pensions belonged to the administrative or executive department of the government. *Marbury* v. *Madison*, 1 Cranch, 171. See, also, *U. S.* v. *Ferreira*, 13 How. 40.

This subject received a careful consideration by this court in *Water-Works Co.* v. *Hughes Co.*, 37 N. W. Rep. 733, citing with approval the Kansas case (*Fulkerson* v. *Stevens*) reported

in 1 Pac. Rep. 262, in which that court refused to review on appeal the action of the board of county commissioners in setting off and organizing a new township under the political powers conferred upon them by statute. Upon the same reasoning this court held in *Spencer* v. *Sully Co.*, 33 N. W. Rep. 97, (February term, 1887,) that the legislature had not and could not confer upon the board of county commissioners judicial powers. At first thought, it might seem paradoxical that appeals lie from *judicial decisions* only of the board to the courts, and that the boards are vested with no *judicial power*. The explanation is found in the fact that while the decisions of the board have no binding force in matters of a strictly judicial character, yet such board is permitted to audit, and to that extent determine, matters affecting persons and property; and an appeal from such decisions is determined as an original action in the district court, in the same manner as if commenced there by service of summons. *Spencer* v. *Sully Co.*, *supra*.

The courts hold, and must continue to hold, that they cannot and will not exercise other than judicial power.

Was the power exercised by the board of county commissioners judicial? Was it the exercise of such *quasi* judicial power as will sustain an appeal? All decisions of the board arrived at by the exercise of judgment and discretion are, in a measure, *quasi* judicial; but the test is, do they in a legal sense tend to "deprive of life, liberty, or property?" If so, it can only be done by "due process of law." Const. U. S. amend. 5.

These laws belong exclusively to the police power, to the legislative and administrative department of the government. They affect the health, morals, and good order of society. Their propriety or impropriety, their manner of enactment, and their enforcement belong to the courts only when, thereby, the liberty or the property of the citizen is involved. The irregular attempt to adopt or put in operation such a law cannot affect the liberty of the citizen. They are laws in aid of liberty, and not against it. No one is at liberty to do wrong, and, while such laws may curtail indulgences, they are held not to deprive of liberty; nor

under the recent decisions of the supreme court of the United States, to which we must bow with respect, do they violate rights of property. *Mugler* v. *Kansas*, 123 U. S. 623, 8 Sup. Ct. Rep. 273; *Powell* v. *Pennsylvania*, 127 U. S. 678, 8 Sup. Ct. Rep. 992, 1257. And see *Territory* v. *O'Connor, ante*, p. 397, 37 N. W. Rep. 765, (February term of this court, 1888.) It was there a matter affecting a mere police regulation, not involving the liberty or property of the citizen, and the jurisdiction could not have been originally conferred upon the court, and it could not take it by appeal. The decision was one final with the board, and could be reviewed only by *certiorari*.

"*Tenth.* That the action of said board complained of, and sought to be reviewed by the writ of *certiorari* herein, was ministerial."

This is contradictory of, and contrary to, the position urged in the ninth assignment, already noticed. That the act of the board was of that administrative and executive character that it involved judgment and discretion is too plain for argument, and it follows it was therefore not ministerial.

"*Eleventh.* That the return of N. E. Phillips, register of deeds, and the matters certified and returned by him, are in no way connected with the board of county commissioners, or the record of their proceedings in this matter."

"*Twelfth.* That N. E. Phillips was improperly made a party to these proceedings by amendment; and what purports to be a return made by him is entirely foreign to the matters contained in the record of the board of county commissioners, or with any matters connected with the action of said board in regard to acts complained of by the said B. B. Champion, and sought to be reviewed by the writ of *certiorari* herein."

No time was expended by counsel upon these assignments; and whether or not Phillips was a proper party would not affect the main question involved. If he was not a proper party, the writ should have been dismissed as to him, and left to stand as to the other defendants.

"*Thirteenth.* That the said B. B. Champion has waived his

right to institute *certiorari* proceedings in this matter, if he ever had any."

No point was made upon this objection. There is no evidence of waiver in the record, whatever might have been urged on the ground of laches, had that point been raised; but this, however, would go to the question of discretion only of the court in granting the writ.

"*Fourteenth*. That no proper service of the writ has been made." ·

"*Fifteenth*. That said writ requires the board of county commissioners to certify and return facts, proceedings, and papers which it is not within their power to do."

These objections go only to requirements which have been fully answered when the board made return to the writ.

"*Sixteenth*. Upon all the grounds appearing upon the face of the writ and the affidavit upon which it is granted."

This is a mere sum total of that contained in the other assignments, and presents nothing new.

We have thus passed over all the objections urged to the issuance of the writ, and as grounds for its discharge; none of which are tenable. A large part of respondents' argument has been expended in attempting to convince this court that the writ is discretionary, and that it was within the discretion of the court to dismiss it after issue,—a proposition well founded in the decisions of the courts; but that was not the ground upon which the decision of the lower court was based, nor was that the decision of which appellant complained. He alleged, as he had a right to do, that none of the reasons assigned in the motion for dismissal of his writ were tenable, and that the court erred in sustaining the defendant's motion, and with him this court must agree.

The case of *Tilton* v. *Beecher*, 59 ·N. Y. 176, is directly in point upon this question. Beecher demanded a bill of particulars of the allegations contained in the complaint, in an action of tort. It was contended in the court below that the court had no power to grant the application in such an action, and the

court denied the defendant's motion upon that ground.   In the court above, the appellee contended, as here, that the application was addressed to the discretion of the lower court, and was not reviewable.   The court of appeals, however, reversed the case, and sent it back for the court to hear the application upon its merits, and to exercise its discretion; holding that the appellate court would examine only the questions raised in the court below.

The principle is by no means a new one.   Appellate courts do not try cases.   This court has no original jurisdiction in such a case.   It sits to review errors committed in the trial of the cause in the lower court.   It would not do to allow counsel to assign reasons for the decision of a court where the court itself has assigned other and different reasons.   It will not answer for counsel to urge that the order was a discretionary one with the court, when the record clearly shows that the discretionary powers of the court have never been invoked.   This court cannot, in advance, determine what decision the lower court in its discretion might render.   The cause must be remanded for the action of the court upon the merits of the application, and for exercise of its discretion in the premises.   All the justices concur.