HOYT, Respondent, v. HUGHES COUNTY, Appellant.

(142 N. W. 471.)

1. **County—Claims Against—Action of County Board—Discretion.**

A board of county commissioners, in the rejection and allowance of claims and bills against the county where the amount and right of the claim are fixed by contract or by statute, in relation to which the commissioners have no discretionary power, usually acts only in an executive or ministerial capacity and without discretionary power.

2. **County—County Commissioners—Discretionary Investigating Powers—Review.**

In certain instances, county commissioners are invested with discretionary powers in investigating and acting upon facts, which powers are exercised in a quasi judicial manner, in which case their action can only be reviewed on appeal in the legal manner; and, if no method of appeal is provided, their action is final, and not reviewable in a direct original action.

3. **County Commissioners—"Quasi Judicial" Powers—Exclusive Original Jurisdiction—Powers of Court on Appeal.**

The term "quasi judicial" is used to describe acts of public boards and municipal officers as the result of investigation and rational judgment, based upon evidentiary facts in a matter within their discretionary power; and when the matter involves compensation, only the county commissioners in first instance have authority to fix same, and on appeal the court, in reviewing their action, is merely exercising the commissioners' powers; the court, in an independent action, would possess no such power.

4. **County Commissioners—Grant of Discretionary Power to Appeal—Legislative Power—Original Jurisdiction of Court—Statute.**

Under Laws 1905, Ch. 76, providing for mileage to superintendent of county board of health, etc., "and such other sums as the board of county commissioners shall allow," legislative power is not granted to the board, but only a discretionary power to be exercised in a quasi judicial manner; and the board's action thereunder is subject to appeal under Sec. 850, Pol. Code. **Held,** further, that a direct action cannot be maintained on such a claim.

5. **Constitutional Law—"Judicial Power"—"Quasi Judicial Power"—Fixing Compensation of Officers.**

A "judicial power" can only be exercised by a court. A

"quasi judicial power," being one involving judgment and discretion, may be conferred upon an executive or administrative board as an incident to its duties, from which an appeal can and often is given to the courts. **Held**, further, that the compensation to be given a public officer for services may be left, by statute, to be allowed by some body after rendition of the service.

6. **County Commissioners—Compensation of Officers—Quasi Judicial Power.**

An officer, for whom the legislature has prescribed a salary, is not entitled to compensation other than the salary for doing things for which the salary is allowed, nor can he recover compensation for any official service for which no fee or salary is provided, unless the legislature has vested in some body authority to pay therefor; and, **held**, that when county commissioners are empowered to determine, after performance of an officer's service, the compensation therefor, the power thus exercised is quasi judicial.

7. **County—County Commissioners—Power to Fix Officer's Compensation—Mode of Procedure—Appeal—Independent Action—Statute.**

Pol. Code, Sec. 252, providing that superintendent of county board of health shall receive no other compensation than that provided for, and shall receive certain mileage and such other sums as the county board shall allow, confers power upon the board to allow conmpensation for services performed by such officer after they are rendered, and the officer should, after performing the services, present to the board a statement showing the services and ask to have compensation fixed, and if the board fixed the compensation, the officer may then present his claim, based upon such allowance, which the commissioners may either pay or reject, and upon rejection the officer may either appeal from the order of rejection, or bring an independent action against county, based upon the allowance made by commissioners; but, if commissioners reject his claim without fixing any compensation, he cannot maintain an independent action against county for compensation, his only recourse being by appeal from such action rejecting his claim. **Held**, further, that Secs. 252, 242, and 251, Pol. Code, do not contemplate that county commissioners should fix fees, but that as part of their administrative duties they are thereby empowered to allow the superintendent of board of health compensation for services after same were rendered. **Held**, further, that respondent, by presenting to commissioners a bill and claim calling upon board to fix his compensation and also to allow his claim therefor, instead of applying to them to have compensation fixed and afterwards presenting a claim based upon their allowance, or

appealing from such allowance, and conceding he could present both matters together, yet, the board having rejected his claim without fixing any compensation which could form the basis of an independent action, his only remedy was by appeal.

8.  **Courts—Board of County Commissioners—Appeal from Determination.**

Under the statute, an appeal lies from any action or determination of board of county commissioners, involving as an incident thereto the exercise of a quasi judicial power.

Polley, J., took no part in this decision.    Smith and Gates, J. J., and Whiting, P. J., concurring in the result.

(Opinion filed June 24, 1913.)

Appeal from Circuit Court, Hughes County.    Hon. JOHN F. HUGHES, Judge.

Action by O. N. Hoyt against Hughes County, to recover on a claim for compensation for services rendered for the county as superintendent of the county board of health.    From a judgment for plaintiff, defendant appeals.    Reversed and remanded for new trial.

*Glenn W. Martens*, State's Attorney, and *Karl Goldsmith*, for Appellant.

Plaintiff's proper remedy should have been an appeal from the act of the board and this action cannot be sustained.

The fees of the superintendent of the county board of health are fixed by Chapter 76 of the Session Laws of 1905, which amends section 252 of the Revised Political Code.

The county commissioners, in allowing the superintendent pay for these visits and examinations, act in a discretionary manner.

In settling a claim the amount of which is not fixed by law, or by an authorized contract, the board of county commissioners in settling or fixing the amount, is vested with a discretion.    7 Am. & Eng. Ency., 1006, 1009; Crouch v. Pyle, 70 Neb. 60, 96 N. W. 1049; Lincoln Twp. v. Kearney County, 112 N. W. 608; Colusa County v. DeJarnett, 55 Cal. 373; People v. St. Lawrence County, 30 Howard Pr. 181 (N. Y.)

Being a discretionary act, it was therefor a quasi judicial action.    Mitchell v. County, (Neb.) 96 N. W. 637.

Being a quasi judicial act, the decision of the board of county commissioners cannot be collaterally attacked.    Where the

amount is left to the discretion of the board, the claimant's only remedy, after the passing upon the claim by the board, is an appeal from its action. Southern Indiana Ry. Co. v. Commission, (Ind.) 87 N. E. 966; 11 Cyc. 405; Waugh v. Chauncey, 13 Cal. 11; Bartlett v. Eau Claire County, 112 Wis. 237, 88 N. W. 61; Brewer v. Boston, etc., 113 Mass. 52; Bennett v. Hetherington, 41 Iowa, 150, and cases cited; Rio Grande County v. Lewis, 28 Colo. 378; Foy v. County, 168 N. Y. 180; Tillotson v. Potter County, 10 S. D. 60; Jacobson v. Ransom County, (N. D.) 105 N. W. 1107; Campbell County v. Overby, 20 S. D. 640; Taubman v. Board, 14 S. D. 206; Howard v. Burns, 14 S. D. 383.

*S. C. Polley, and Sutherland & Payne,* for Respondent.

Section 795, Rev. Pol. Code, makes every organized county a body corporate for civil and political purposes only, and as such, gives a power to sue and be sued, plead and be impleaded, in any court in this state.

This is a grant of an unconditional right to any person to sue any county upon any cause of action that may exist or be claimed to exist against it . The right is not qualified by the provision that the county may be sued where the right of appeal exists or where it does not exist. It remained unconditional under the enactment of chapter 63 of the Laws of 1895, which is now section 862 of the Revised Political Code, which provided that "no suit shall be instituted against any county of this state to enforce the collection of a claim against said county, unless said claim has been duly presented to and acted upon by the board of commissioners of such county." This is the only limitation upon the rights created by section 795. Spencer v. Sully Co., 4 Dak. 474-9; Short v. Twp. of White Lake, 8 S. D. 148-51; Taubman v. Commissioners, 14 S. D. 206-11; Campbell County v. Overby, 20 S. D. 640; Howard v. Burns, 14 S. D. 383-394.

Section 1 of article 5, state Constitution, vests "the judicial powers of this state in a Supreme Court, circuit courts, county courts, and justices of the peace," etc. This does not clothe a board of county commissioners with judicial powers.

No discretion whatever was exercised by the commissioners in passing upon plaintiff's claim.

McCOY, J. In this case plaintiff claims to recover of the defendant, Hughes county, the sum of $479.70. There was a ver-

dict and judgment for plaintiff, and defendant appeals.    Plaintiff
presented at the April, 1911, meeting of the board of county com-
missioners a bill for $514.60, most of which was for personal
services claimed to have been performed and rendered as super-
intendent of the county board of health.    A small portion of said
bill was for mileage and reports made by plaintiff.    The board of
county commissioners allowed $32.90 of this bill, and rejected the
balance of $479.70.    No appeal was taken by plaintiff from the
action and decision of the commissioners in rejecting and disallow-
ing the said $479.70 of said bill, but plaintiff some time thereafter
brought direct action against the county in the circuit court to
recover said balance.    The defendant county urged in the court
below, and now urges the contention that plaintiff cannot main-
tain this action to recover said balance of account—that plaintiff's
sole and only remedy under the circumstances of this case was by
appeal from the said action and decision of the county commis-
sioners, and not by direct action.    We are of the opinion that de-
fendant's contention is well grounded.

[1] A board of county commissioners in the rejection and
allowance of claims and bills against the county usually acts only in
an executive or ministerial capacity, in which case there is nothing
more before them than the pure question of allowance or rejection
of the claim.    In such cases the amount and right of the claim
are either fixed by contract or the statute, in relation to which the
county commissioners are not invested with any discretionary
powers; but rights under the contract or statute must be deter-
mined by some judicial tribunal having jurisdiction thereof.

[2] While a board of county commissioners is not by the
laws of this state clothed with any judicial powers, such as are
conferred upon courts, still they are in certain instances invested
with discretionary powers, which they exercise in a quasi judicial
manner; that is, they are authorized to investigate facts and ex-
ercise discretion or judgment in relation to the facts revealed by
such investigation in a manner similar and with similar effect as
courts.    We are of the opinion that, when a board of county com-
missioners in the exercise of its discretionary powers acts upon any
particular matter in any proper case legally and properly within
such discretionary powers, such action can only be reviewed on
appeal in the manner provided by law for such appeals; and, when

no method of appeal is provided, such action of the commissioners becomes final, and is not subject to review by the courts in a direct original action. 11 Cyc. 598. It is not the method or manner or result of the manner in which such board acts that precludes the maintenance of an original action, but it is the fact that such board has acted in a matter within its exclusive discretionary power, and having so stated, no matter how erroneously, such action can only be reviewed on appeal.

[3] The term "quasi judicial" is used to describe acts, not of judicial tribunals usually, but acts of public boards and municipal officials, presumed to be the product or result of investigation, consideration, and human judgment, based upon evidentiary facts of some sort, in a matter within the discretionary power of such board or officer. Such acts, when erroneous, can only be corrected and reviewed on appeal. Only the board of county commissioners in the first instance has authority in such cases to fix the amount of compensation, when the matter relates to that subject, and where the court on appeal reviews the action of the commissioners it is merely exercising the same powers possessed by the commissioners which have been brought before the court by means of the appeal. The court in an independent original action would possess no such power.

[4] Some contention is made that the power granted by chapter 76, Laws of 1905, to the county commissioners, providing that for certain services the county superintendent of the board of public health shall receive such sums as the county commissioners may allow, is a grant of purely legislative power, the exercise of which is not subject to appeal at all. We are clearly of the opinion that the power granted to the county commissioners by this section of the statute is not a grant of legislative power, but is a grant of discretionary power to be exercised in a quasi judicial manner, and is subject to appeal under section 850, Pol. Code. A statute which authorizes municipal authorities such as city councils to fix the salaries of certain designated officers without reference to the value of the service is a grant of legislative power, and has the same force and effect, after being exercised, as if the amount thus fixed had been written in the statute itself, and from which there can be no appeal; but, when the law contemplates that the services shall have been rendered and performed

and a bill therefor presented to the board of county commissioners for allowance, as seems to have been contemplated by the provisions of section 1, c. 76, Laws of 1905, now under consideration, it is clearly a grant of discretionary or quasi judicial power, impliedly giving the county commissioners the power to investigate facts as to the nature and value of the services performed, and based upon such investigation of the facts to arrive at a conclusion or judgment as to the just and reasonable amount of compensation that should be allowed therefor. Under a Kentucky statute providing that for certain services of a judge the county board should make an allowance, the Supreme Court of that state, in construing that statute, said: "We think this can mean nothing else than a reasonable allowance commensurate to the character and quantity of the services performed." Ohio County v. Newton, 79 Ky. 267; Butler County v. Gardner, (Ky.) 96 S. W. 582. Under an Indiana statute authorizing the county commissioners to make an allowance to sheriffs for certain services, it was held that such allowance was a discretionary matter with the county board to be determined on the presentation of their bills. Marion County v. Reissner, 58 Ind. 260. In Patterson v. Pullman, 104 Ill. 80, the word "allow" was held to imply discretion. Under a Montana statute providing that deputy sheriffs for certain services should receive such sums as allowed by the county commissioners within maximum limits implied a discretionary power on the part of the commissioners. Jobb v. Meagher County, 20 Mont. 424, 51 Pac. 1034. In New York, when a municipal board was authorized to audit and allow certain claims against the municipality, it was held that the power to audit and allow primarily implied the right to determine not only the accuracy of the account, but also its justness and reasonableness. People v. Gilroy, 82 Hun, 500, 31 N. Y. Supp. 776. It is also held by the New York courts that a power given to the county board of supervisors to allow certain claims also includes and involves the right to reject, if sufficient reasons for allowing are not presented. People v. Duchess County, 9 Wen. (N. Y.) 508; People v. Gilroy, supra. To the same effect is Mitchell v. Clay County, 69 Neb. 779, 96 N. W. 673, 98 N. W. 662, where it is held that such allowance to officers for services are subject to the quantum meruit, the reasonable and just, rule

We are of the opinion that the rule as to the granting of legislative power is not applicable to the case present.

It therefore necessarily follows, no matter whether the power granted was quasi judicial or legislative, that a direct action cannot be maintained on such a claim. Chapter 76, Laws of 1905, regulates the compensation of the superintendent of the county board of health, and provides (1) that such superintendent shall receive 10 cents per mile for each mile necessarily traveled in the performance of his duties; (2) such other sums as the board of county commissioners shall allow, provided that for each examination necessarily made for persons who are afflicted with smallpox, diphtheria, scarlet-fever, anthrax, Asiatic cholera, yellow fever, and bubonic plague, he shall also receive not to exceed the sum of $5 for each visit actually and necessarily made; (3) he shall receive 50 cents for each report to the state superintendent of public health; and (4) he shall receive such other sums as he may pay for medicines and disinfectants. A careful examination of the items of plaintiff's bill discloses $20.40 claimed for mileage, $16.50 claimed for reports made to the state board of health, and $477.70 for personal services rendered in relation to health matters. Further examination of this bill discloses eight duplications of reports amounting to $4, leaving the true amount of the claim for reports $12.50, which, added to the amount of $20.40 for mileage, exactly equals and coincides with the amount of $32.90 allowed plaintiff by the board of commissioners, clearly demonstrating what items of the account were allowed and what rejected. The entire amount of the items rejected are included within the second division of the statute providing *"such other sums as the board of county commissioners may allow,"* and being clearly within the discretionary powers of the county commissioners. It is a matter of discretionary judgment reposed by the law in the board of county commissioners to fix and determine the amount plaintiff should receive for *"such other"* services. No other tribunal in the first instance was authorized to determine or allow the amount of compensation for such other services. The fact that the commissioners refused to allow plaintiff anything at all might have been very erroneous, but such board in so doing acted upon a matter within the discretion reposed in it by legislative enactment. Courts cannot control such acts of such boards by com-

pelling them to act in any particular manner. Courts can compel them to act, but, having acted, such acts become final unless reversed on appeal, where an appeal is provided for by law. If an examination and investigation of the facts by the county board had disclosed, and as is claimed by defendant, that plaintiff had been paid for such services in and by prior bills allowed by such board, or had been paid for such services by the state while acting as superintendent of the state board of health, then the act of such board of county commissioners in not allowing any sum whatever for such services might not have been erroneous. The commissioners had the right to investigate the facts in connection with such allowance, and base and form their judgment upon the evidence before them. If they erred in such judgment as to such allowance, plaintiff's only remedy was an appeal for the purpose of reviewing and correcting such action. Under the view we have taken of this case, it becomes unnecessary to discuss further assignments of error.

The judgment and order appealed from are reversed, and the cause remanded for new trial in accordance with this opinion.

POLLEY, J., took no part in this decision. SMITH, J., concurs in result.

WHITING, P. J. In concurring with the views expressed by Justice McCOY, and at his request I would add the following:

If I read the respondent's brief correctly, it is his contention that inasmuch as, under the Constitution of this state, all judicial power is vested in the Supreme Court, circuit courts, county courts, and the courts of the several justices of the peace, the board of county commissioners has no judicial powers and can perform no judicial function. Respondent therefore claims that it was not necessary to appeal from the action of such board, and that the proper remedy was that pursued in this case, namely, a direct action brought in the circuit court.

[5] It would seem to me that respondent has failed to distinguish between a "judicial power," which can only be exercised by some court, and a "quasi judicial power," being one involving judgment and discretion and which may be conferred upon an executive or administrative board as an incident to its duties, and from the exercise of which an appeal can be, and in this state

often is, given to the courts. Chief Justice Tripp in his opinion in the case of Champion v. Commissioners of Minnehaha County, 5 Dak. 416, 41 N. W. 739, said: "Judicial power, and all the judicial power of the territory, is expressly conferred upon the courts, to-wit, the Supreme and district courts, courts of probate, and justices of the peace. The Legislature can create no other court; and can confer judicial power, *strictly such,* that which 'deprives of life, liberty, or property,' upon no other tribunal. Quasi judicial powers involving judgment and discretion are often, and must necessarily be, exercised by administrative and executive bodies and officers. A *judicial power,* as such, can be exercised only by the courts. The three great departments of the government are intended to be, and must be, separate and distinct. The Legislature has no power to confer a strictly executive and administrative or legislative power upon the judiciary, and whenever it has sought to do so the courts have declared it void. * * * At first thought it might seem paradoxical that appeals lie from *judicial decisions* only of the board to the courts, and that the boards are vested with no *judicial power.* The explanation is found in the fact that, while the decisions of the board have no binding force in matters of a strictly judicial character, yet such board is permitted to audit, and to that extent determine, matters affecting persons and property; and an appeal from such decisions is determined as an original action in the district court, in the same manner as if commenced there by service of summons. Spencer v. Sully County [4 Dak. 474, 33 N. W. 97]." The compensation, if any, to be given a public officer may be fixed prior to the service rendered, or may by law be left to be allowed by some person or body after the rendition of such service.

[6] These propositions are fundamental: No person occupying an official position for which the Legislature has prescribed a salary is entitled to compensation other than such salary, for the doing of those things included within the duties for which the salary is allowed; where a fee is allowed for the doing of an act, the officer is entitled to no other compensation for the doing of that particular act or service; no officer can recover compensation for any service coming within his official duties, for which no fee or salary has been provided, unless the Legislature has vested in some person or body authority to pay for such serv-

ice. Where there is a salary or fee provided by law, there cannot be, outside of such salary or fee, any property right that can be submitted to the determination of any board or tribunal; therefore, the allowance of a claim for service performed where salary or fee has been provided, and where there is no dispute as to the performance of the service is a purely administrative duty involving no action in any sense judicial in its nature. Creating an office and then authorizing some person or body as an incident to an administrative duty or power to allow a compensation to the incumbent of such office for services performed by him confers upon such incumbent, as soon as any official service is performed, a property right in and to a reasonable compensation for such service. The power to determine the amount of such compensation being a power that, if wrongfully used, might deprive the officer of property, is a power judicial in its nature, and yet such as is merely incidental to the discharge of the administrative power. All legislative action is ended when a law is enacted clothing some person or body with power to allow compensation after the service is rendered; the allowance of such compensation involves the exercise of what is spoken of as "quasi judicial" power.

It necessarily follows that when to the board of county commissioners there is given the power, after the performance of official services by some officer, to determine the compensation therefor, the said county commissioners, in determining the same as a part of its administrative duties, is exercising a power involving judgment and discretion upon its part, and therefore a power quasi judicial in nature.

[7] The question for determination in this case is whether section 252 of the Rev. Pol. Code contemplates that the board of county commissioners shall prior to the performance of any service fix a schedule of fees for the services to be performed by the superintendent of the board of health. If such was the intent of the lawmakers, then there was conferred upon such a board a legislative power. If, upon the other hand, the Legislature intended and did confer upon the commissioners the power to determine the compensation to be allowed the superintendent for services already performed, then no legislative power is vested in the commissioners, but a power purely administrative having, as an in-

cident thereto, the exercise of a power quasi judicial in nature. From a careful consideration of section 252 as well as sections 242 and 251, I am driven to the conclusion that it was not contemplated that the commissioners should fix fees, but that as a part of their administrative duties they should allow to the superintendent of the board of health compensation for services after the same were rendered.

[8] I think it too clear for argument that, under our statute, an appeal lies from any action or determination of the board of county commissioners, which action or determination involves as an incident thereto the exercise of a power quasi judicial in its nature.

If the statute had provided that the respondent should receive a reasonable compensation, with no provision that the same should be *fixed* by the board of county commissioners, he clearly would have had the right to present his claim to such board, and, if they had rejected the same, to either have appealed therefrom or to have brought an original action in the circuit court; but the statute provides that this compensation shall be fixed by such board. It follows that a proper procedure was for the respondent, after performing the services, to have presented to the board of county commissioners a statement showing the services rendered (which statement might or might not have been accomplished by a claim setting forth the amount which he thought was reasonable and just) and to have asked such board to fix his compensation. When the board had fixed such compensation, if the respondent was satisfied therewith, he then could have presented his bill or claim based upon such allowance, which the commissioners could have allowed and paid, or, if they saw fit, rejected. If they rejected the same, then the respondent would have been in a position to either appeal from the order rejecting the claim, or to have brought an independent action, basing his cause of action upon the allowance made by the commissioners. In case the allowance made by the commissioners was by the respondent deemed inequitable, he would have had a right to appeal from such quasi judicial action on the part of the commissioners, and, upon such appeal, the circuit court would have determined the just amount of such compensation, after which the respondent could have presented to the county commissioners his

claim based upon the allowance as fixed on appeal; and then, if the county commissioners disallowed such claim, he could either appeal therefrom to the court or institute an original action. In the case at bar the superintendent, instead of applying to the commissioners to have the amount of his compensation fixed and afterwards presenting a claim based on what the commissioners allowed as compensation or appealing from such allowance, presented to such commissioners a bill and claim calling upon the board to fix his compensation and also to allow his claim therefor. Conceding that the respondent had the right to present both matters together, it follows as a necessary sequence that when such commissioners rejected his claim without fixing any compensation which could form the basis of an independent action his only remedy was by appeal.

GATES, J., concurs in the views expressed by WHITING, P. J., and McCOY, J.