YANKTON COUNTY, Respondent, v. BOARD OF COUNTY COMMISSIONERS et al, Appellants, and

LARSON, Respondent, v. BOARD OF COUNTY COMMISSIONERS, Appellants, and

MUNKVOLD, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF YANKTON COUNTY, Appellants.

(192 N. W. 179.)

(File Nos. 5063-5065.   Opinion filed February 20, 1923.)

1.  Counties—County Commissioners—Appeal and Error—Appeal on Demand of Taxpayers Will Lie From County Board's Unauthorized Action in Purchasing Property For Exhibition Purposes.

Where the board of commissioners pursuant to Laws 1921, c. 169, Sec. 1, 2, have, in excess of their authority authorized the purchase of certain land and a building thereon, and made a tax levy for such purposes, under Rev. Code 1919, Sec. 5886,

purporting to authorize an appeal "from all decisions of the board of county commissioners upon questions properly before it," an appeal will lie from the board's action in authorizing the purchase contract, regardless of whether an appeal from tax levy might be foreclosed by the rule that appeals from actions of such boards lie only in matters judicial and quasi judiical in character.

2. Counties—County Commissioners—Courts—Appeal and Error—Circuit Court Cannot Substitute Its Judgment For County Board's on Question of Tax Levy.

On appeal the circuit court cannot substitute its judgment for that of the county board of supervisors as to the wisdom or necessity of making a tax levy, nor as to the amount thereof when within authorized limits.

3. Counties—County Commissioners—Courts—Appeal and Error—Taxation—Circuit Court Held to Have Jurisdiction on Appeal to Restrain Improper Tax Levy Growing Out of Contract.

Where the county board of supervisors in excess of their authority under Laws 1921, c. 168, Sec. 1, 2, authorized the purchase of land and a building thereon for the exhibition purposes specified in the act, and levied the maximum tax allowed for such purposes, held that the circuit court had power, in some appropriate action or proceeding, to test the validity of their action, and that in an appeal to such court, which was clearly proper as related to the contract, the court had jurisdiction to restrain the tax levy, which was inextricably interwoven with the action of the board in authorizing the contract, notwithstanding some other remedy, rather than appeal, may have been the proper one to test the validity of the tax.

Appeal from Circuit Court, Yankton County; HON. R. B. TRIPP, Judge.

Appeals by Yankton County on demand of seven taxpayers, and by Gilbert Larson, from action of the Board of County Commissioners, undertaking to lease with option to purchase property held by Sanford G. Donaldson, Receiver of the Yankton County Breeders' Association & Sales Company, and an appeal by John H. Munkvold from a tax levy of said Board of County Commissioners. From judgment of the circuit court restraining the levy of said tax and purchase of said property, the Receiver and the Board appeal. Affirmed.

*A. L. Wyman* and *Clark & Henderson,* all of Yankton, for Appellants.

*Howard Warren,* of Yankton, *Charles H. Dillon,* of Pierre, and *Miller & Mitchell,* of Mitchell, for Respondents.

Appellant cited, in addition to cases cited in opinion: Re practice, Lewis v. Board of Commissioners of Brown County, 44 S. D. 4, 182 N. W. 311; re taxation, 28 R. C. L. 27; 26 R. C. L. 31; 37 Cyc. 964.

Respondent cited: Tillotsen v. Potter County, 10 S. D. 60, 71 N. W. 754; Board of County Commissioners v. C. M. & St. P. Ry. Co., 26 S. D. 57, 127 N. W. 729; Lyman County v. Board, 14 S. D. 341, 85 N. W. 597; Taubman v. Board, 14 S. D. 206, 84 N. W. 784; Jussen v. Board, 95 Ind. 567; Gemmill v. Arthur, 125 Ind. 258, N. E. 283; Lake Shore & M. S. Ry. Co. v. Smith, 131 Ind. 572, 31 N. E. 196; State ex rel Moore v. Burgett County, 49 N. E. 884, 151 Ind. 94, 51 N. E. 139; Dayton Gravel R. Co. v. Brown, 31 N. E. 363; Hanna v. Board, 29 Ind. 170; State ex rel Adkins v. Lien et al, 9 S. D. 297; State ex rel Schilling v. Mensie et al, 17 S. D. 535, 97 N. W. 745; Weatherer et al v. Herron et al, 126 N. W. 244; Fox v. Walley, 13 N. D. 610, 102 N. W. 161; re taxation, 37 Cyc. 768 and cases cited; East Livermore v. Livermore Falls Trust Co., 15 L. R. A. (N. S.) 952, 36 Cyc. 1189; National Loan, etc., Co., v. Linn County, 138 Ia. 11, 115 N. W. 480; American Nat., etc., Co. v. Worthington, 141 U. S. 468, 35 L. Ed. 821; Hartrauft v. Wiegman, 121 U. S. 607, 30 L. Ed. 1012; Benzinger v. U. S., 192 U. S. 55, 48 L. Ed. 338; 36 Cyc. 1189 and cases cited.

GATES, J.   Chapter 169, Laws 1921, reads as follows:

"Section 1.   The county commissioners of any county may erect and maintain upon any ground owned by the county a building or buildings to be used for the exhibition of stock, farm produce, school work and domestic arts or for the sale of live stock or for farmers or other meetings or any or all of said purposes.

"Sec. 2.   The county commissioners may levy a tax for the purposes authorized in section one.   That such tax levy shall not exceed three-tenths mills on each dollar of taxable property in the county."

On September 6, 1921, the board of county commissioners of Yankton county (hereinafter called "the board") levied a tax of three-tenths of a mill on each dollar of taxable property in said county "in accordance with sections 1 and 2 of chapter 169 of the Session Laws of South Dakota for 1921."   On September

15, 1921, John H. Munkvold, a taxpayer, freeholder, and resident of said county appealed therefrom to the circuit court. On September 12, 1921, the board directed the chairman and county auditor to enter into a lease with option to purchase a certain building and ground from Sanford G. Donaldson, receiver of the Yankton County Breeders' Association & Sales Company at the price of $38,000. On the next day the state's attorney of said county appealed therefrom to the circuit court in the name of Yankton county, pursuant to the written demand of seven taxpayers. Rev. Code 1919, § 5886. On September 27, 1921, Gilbert Larson, a taxpayer, freeholder, and resident of Yankton county, and a stockholder of said breeders' association, appealed from said last-mentioned act of the board to the circuit court. Said three appeals came on for trial before the circuit court. Testimony was taken, and by one set of findings of fact and conclusions of law and one judgment the trial court restrained the levy of said tax and the purchase of said property from the receiver. Among other things the court found that three-tenths of a mill levy would produce $14,022.41; that at the time of such levy Yankton county did not own any ground upon which a building could be erected for the purposes mentioned in chapter 169, Laws 1921; that the proposed levy was made for the express purpose of buying said property from the receiver; that it would require some $3,000 or $4,000 in excess of said sum of $38,000 to complete said building; that the board had not sought to comply with chapter 144, Laws 1919; that the expenditure for said property was greater than could be paid out of the annual revenue of the county for the current year; and that no effort had been made by the board to submit such expenditure to a vote of the electors. The board and the receiver have appealed from the judgment.

[1] Appellants do not argue the merits, but challenge chiefly the jurisdiction of the circuit court to entertain said appeals from the decisions of the board. They say that while section 5886, Rev. Code 1919, purports to authorize an appeal "from all decisions of the board of county commissioners upon matters properly before it," yet that it is only in the case of matters that are judicial or quasi-judicial in character that an appeal is allowable. They say that the levying of taxes is not a judicial function. They cite Wood v. Bangs, 1 Dak. 179, 46 N. W. 586; Pierre Waterworks Co. v.

Hughes County, 5 Dak. 145, 37 N. W. 733; Champion v. Board, 5 Dak. 416, 41 N. W. 739; People v. Mayor, 4 N. Y. 419, 55 Am. Dec. 266; In re First Nat. Bank, 25 N. D. 635, 146 N. W. 1064, L. R. A. 1915C, 386; 26 R. C. L. 27, 31; and 37 Cyc. 964.

Whatever may be said as to the right of appeal from the tax levy, we are entirely satisfied that an appeal lay from the action of the board in authorizing the contract with the receiver.   Clark v. Beadle County, 42 S. D. 146, 173 N. W. 743; Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471.

[2, 3]   We agree with the contention of appellants that the circuit court on appeal could not substitute its judgment for that of the board as to the wisdom or necessity of making such tax levy, nor as to the amount thereof when within authorized limits. But the circuit court certainly had the power in some appropriate action or proceeding to test the validity of the action of the board. It is clear that said act of the Legislature of 1921 did not contemplate the erection or maintenance of an exhibition building, except upon land owned by the county at the time of the tax levy.   It is clear that the county did not then own land upon which it contemplated erecting a building for exhibition purposes. Therefore it is clear that the tax levy was unauthorized and unlawful.   It may be, as suggested by appellants, that certiorari would have been a proper remedy.   Perhaps the extension of the levy upon the tax books might have been prevented in an action for injunction.   But why sacrifice substance for form by saying that appeal was not the proper method of procedure, when the trial court has decided rightly and has not attempted to usurp nonjudicial functions, especially where the act of the board in making the tax levy was so inextricably interwoven with the act of the board in authorizing the contract with the receiver?

We thoroughly approve the following from the opinion in Re First Nat. Bank, supra:

"But, notwithstanding the broad language of our statute, which declares that appeals may be taken from 'all decisions' of the board upon matters properly before it, we must not be understood to give judicial sanction to the proposition as stated.   It must have its limitations.   It would not be proper for us to enter into an extended discussion as to what matters may not be appealed.   We need only say that the powers of a board of county

commissioners are very comprehensive, and extend to all ordinary matters in which the county, as such, is interested.   They are in fact executive, administrative, political, and judicial or quasi judicial.   Courts have no such extended powers.   They are limited to the consideration of matters purely judicial in character. * * * But if a party be wrongfully and unjustly taxed in violation of law (and that is what plaintiff claims in this case), then a wrong exists for which there must be a remedy in law in some form. The courts can take cognizance of it, independent of any action of the county commissioners, because it is inherently judicial in character, and, being a proper subject for judicial determination, the manner in which it may be brought before the court is entirely within legislative control."

It was also indicated in Spencer v. Sully County, 4 Dak. 474, 33 N. W. 97, and Hoyt v. Hughes Co., 32 S. D. 117, 142 N. W. 471, that the method of appeal from decisions of county boards was but a simple and speedy way of getting such matters into court.

We are therefore of the opinion that the trial court had jurisdiction to render the judgment that it did render, and that such judgment should be affirmed.

DILLON, J., not sitting.

Note—Reported in 192 N. W. 179. See American Key-Numbered Digest, (1) Counties, Key-No. 196(2), 15 C. J. Sec. 353; (2) and (3) Counties, Key-No. 196 (8), 15 C. J. Sec. 646.