THE COUNTY OF MASON

*v.*

COMRS. OF MASON AND TAZEWELL SPECIAL DRAINAGE DISTRICT.

*Filed at Springfield March 26, 1892.*

1. DRAINAGE DISTRICT TAXES—*fees for collecting.* Where the county collector is also treasurer of a special drainage district, all taxes levied by the drainage commissioners and collected by the town collectors are required to be paid over to him as treasurer of the district, and on such taxes he will have no right to charge commissions as county collector. But all collections of such taxes belonging to the district made by him after the tax books of the towns have been returned to him, stand upon a different ground. The fees or commissions for such collections are controlled by the general Revenue law, and he will be entitled to the same commissions for such collections as for the collection of the State taxes.

2. The county collector is entitled to the same commission for collecting taxes levied by the Auditor, under section 68 of the Drainage law, for the payment of bonds issued by drainage districts, and interest thereon, that he is for collecting the State and county revenue. The treasurer of the drainage district not having anything to do with such drainage tax, is not entitled to any commissions thereon.

3. DRAINAGE DISTRICT BONDS—*taxes for payment, how levied.* The bonds for the payment of which the drainage commissioners of a special district are required to file a statement with the county clerk, to enable him to extend taxes on the collector's book mentioned in section 72, are such bonds as are not registered with the State Auditor, as full provision is made by section 68 for the levy and collection of taxes to meet such bonds and interest thereon.

APPEAL from the Circuit Court of Mason county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

This was an action of debt, brought by the commissioners of Mason and Tazewell Special Drainage District, against Mason county, to recover certain fees or commissions which the collector of Mason county had turned over to the treasurer of the county.

The drainage district was organized in the county court of Mason county, but it includes lands both in Mason and Taze-

well counties. Under section 71 of the Drainage act of 1885,. (Laws of 1885,) John N. Dierker, who was treasurer of Mason county, was appointed treasurer of the district at a salary of $120 per annum. At the time of his appointment there was a large bonded indebtedness against the district, and its bonds had been registered with the State Auditor under section 67 of the act. During the time Dierker was treasurer of the district, and treasurer and collector of the county, four levies were made by the State Auditor and two by the commissioners of the district. The first two levies of the Auditor were to meet the payment of interest on the registered bonds, the last two for the same purpose, and for the further purpose of meeting the payment of the bonds which matured during the last two years of Dierker's office, and the two levies by the commissioners were for current expenses, repairs, etc. From the different levies Dierker retained as commissions, and turned over to the treasurer of Macon county, as appears from his evidence, the following sums:

| | | |
|---|---|---:|
| 1887.... | Commissions on Auditor's interest levy: | |
| | 1½ per ct. on $2635.80 received from town collectors. | $39 54 |
| | 3 per ct. on $9777.72 collected by county collector. | 293 33 |
| 1888.... | 1½ per ct. on $3212.44 received from town collectors. | 48 18 |
| | 3 per ct. on $7867.72 collected by county collector. | 236 03 |
| 1889.... | Commissions on Auditor's levy: | |
| | 1½ per ct. on $6241.38 received from town collectors. | 93 62 |
| | 3 per ct. on $15,248.39 collected by county collector. | 457 45 |
| 1890.... | 1½ per ct. on $4858.41 received from town collectors. | 72 88 |
| | 3 per ct. on $15,026.75 collected by county collector. | 450 80 |
| 1888.... | Commissions on commissioners' levy: | |
| | 1 per ct. on $1524.41 received from other collectors. | 15 24 |
| | 2 per ct. on $3258.80 collected by county collector. | 65 17 |
| | 2 per ct. on $2553.64 coll. by county coll., back tax. | 51 07 |
| 1890.... | 1 per ct. on $1451 received from other collectors... | 14 51 |
| | 2 per ct. on $2654.95 collected by county collector. | 53 09 |
| | 2 per ct. on $459.64 collected by county collector.. | 9 19 |
| | Total................................. | $1,900 10 |

On a trial before the court without a jury, judgment was rendered in favor of the commissioners for $1900, the amount claimed, less ten cents.

Mr. John W. Pitman, for the appellant.

Messrs. Wallace & Prettyman, for the appellees.

Mr. Justice Craig delivered the opinion of the Court:

In disposing of this case we will consider, first, the question as to the commissions retained and paid over to Mason county under the Auditor's levy; and second, commissions which grew out of the levy made by the drainage commissioners.

Section 21, chapter 53, of the Revised Statutes of 1874, as amended by Laws of 1877, page 105, provides: "County collectors shall be allowed a commission on all money collected by them, and paid over to the proper officer, of three per cent in counties of the first class, of two per cent in counties of the second class, and of one and one-half per cent in counties of the third class, excepting on all moneys said county collectors collect for incorporated cities * * * in counties under township organization, upon which said county collectors shall be allowed a commission of one per cent on all moneys collected by them for such cities, and paid over by them to the proper officer; and excepting further, in counties having adopted township organization, county collectors shall be allowed on all moneys paid over to them by township collectors, as commissions, in counties of the first class one and one-half per cent, second class one per cent, third class three-fourths of one per cent."

Under other provisions of the statute a county collector is paid by the county a salary for his services, and all fees or commissions which the statute authorizes him to collect are required to be paid into the county treasury. If, therefore, the commissions which were paid over by the county collector were commissions which, under the statute, belonged to the office of county collector, he was fully justified in paying the same into the county treasury. As to the taxes which arose from the levies made by the Auditor, it will be necessary to

inquire how and in what manner the tax was extended and collected, as it is apparent if the statute requires such taxes to be collected in the same manner as ordinary State and county taxes, then the collector would be entitled to the same fees that he would receive from the collection of State and county taxes, and such fees would properly go into the county treasury.

Section 67 of the act of 1885, page 102, authorizes the bonds of a drainage district to be presented to the Auditor for registration, and requires the Auditor to register them in a book to be kept for that purpose. Section 68 provides, that "when bonds have been registered the Auditor shall annually ascertain the amount of interest and principal due and accrued on all bonds so registered, together with the cost to the State of the collection and disbursement of the same, and shall make out and transmit to the county clerk of the county in which the district is organized, a certificate setting forth such estimated amount, and the amount shall thereupon be deemed added to and a part of the amount which may be levied or provided by law within the district for the purposes of State revenue; and thereupon it shall be the duty of the clerk of said district to compute and apportion the amount certified among the several tracts and property assessed for benefits in such district, * * * and thereupon he shall make out a tax list of the lands and property in the district, and extend opposite each tract its *pro rata* share of the amount certified by the Auditor, and deliver the same to the treasurer of the district. Where the district lies in more than one county (as is the case here) the clerk shall make out a separate tax list of the lands and property assessed for benefits in each county, showing the *pro rata* share levied against the same separately, and deliver the same to the county clerks of the respective counties, and the clerk or clerks of the respective counties, at the time of making up the tax books and extending State taxes, shall extend on the tax books for collection

the *pro rata* share thus levied, and the same shall be collected with the State taxes, and all laws of this State relating to the State revenue shall apply thereto."

Where the district lies in two counties, as is the case here, as soon as the clerk of the district receives the amount from the Auditor required to be raised, he is required to make out a tax list, and deliver it to the county clerk in each county, and the county clerk is required, in making up the tax books, to extend the amount on the tax books for collection, and the amount is required to be collected with the State taxes, and all laws relating to the State revenue shall apply thereto,— in other words, the tax is extended and collected as other taxes. The treasurer of the district has nothing to do with its collection or disbursement. Under the language of this section of the Drainage act we see no escape from the conclusion that the county collector is entitled to the same commissions for collecting this tax that he is in collecting the State revenue, and the same law that applies to the one applies to the other.

We now come to the question in regard to commissions paid over to Mason county, derived from the collection of certain taxes under levies made by the commissioners of the drainage district. These taxes were levied and extended under section 72 of the Drainage act. This section requires the commissioners of every special drainage district to file, on or before the first day of December of each year, with the county clerk, a statement of the date and amount of notes or bonds issued by the district, when the same will mature, the rate of interest and when it falls due, etc.; also, the amount necessary to be levied to keep the work in repair for the year next ensuing, and the amount of any deficiency in the payment of any interest before accrued; and the clerk shall compute the *pro rata* share each tract or parcel of land will have to pay to raise the respective amounts, and it shall be the duty of the county clerk to extend the same in the collectors' books, the same as State, county, municipal or other taxes are extended,

and the amounts so extended shall be collected at the same time and in the same manner as other taxes on like property, and shall be paid over by the party collecting, to the treasurer of the drainage district, in the same time and manner as taxes collected are required to be paid to treasurers of municipal corporations.

The bonds referred to in this section of the act are no doubt those not registered with the Auditor, as full provision is made in section 68 of the act for the levy and collection of taxes to meet registered bonds and the interest that may accrue thereon. That question, however, is not material here, as the record shows that the levies made by the commissioners, which are involved here, were made to make repairs and pay expenses. It will be observed that by the last clause of the section quoted *supra,* the taxes are to be collected at the same time and in the same manner as other taxes, and shall be paid over by the party collecting, to the treasurer of the drainage district, in like manner as taxes are required to be paid to treasurers of municipal corporations. Under this clause of the statute, all taxes levied by the commissioners and collected by the town collectors are required to be paid direct to the treasurer of the drainage district, and all money received by Dierker from that source he received as treasurer of the drainage district, and he had no right whatever to charge commissions on such moneys as county collector. All moneys paid him by town collectors he received as treasurer of the drainage district, in the same manner that the treasurer of a municipal corporation received from like officers moneys belonging to such corporation, and it is clear that upon such moneys he was not entitled to fees or commissions as county collector. But collections of taxes belonging to the district, made by the county collector after the tax books of the towns have been returned to him, stand upon a different ground. The fees or commissions for such collections are controlled by the general Revenue law, and the county collector is entitled to the same

commissions for such collections as he is entitled to receive' for the collection of other revenue.

From what has been said it follows that the judgment was not authorized by the evidence. It will therefore be reversed and the cause remanded.

*Judgment reversed.*