CHARLES W. STEPHENS *vs.* CITY OF OLD TOWN.

Penobscot.    Opinion September 26, 1906.

*Public Officers.   Superintendent of Streets.   Compensation.   Quantum Meruit.*
*R. S., chapter 23, section 72.*

1.   A public officer for the performance of his official duties is entitled to such compensation only as is fixed by law for that office. If no compensation has been thus fixed he is not entitled to any.

2.   A public officer appointed by a municipality, though subject in some respects to the orders of the municipality, cannot recover of the municipality any compensation for his official services unless a compensation thereof has been fixed by law for the municipality to pay, and then only to the extent so fixed. He cannot recover anything upon a quantum meruit count.

3.   The Superintendent of Streets in Old Town in 1904-5 was not an employee or agent of the city entitled to damages for breach of contract for employment, but was a public officer possessing official powers and charged with public duties.

4.   The Street Board of Old Town though authorized by law to "make all contract for labor" on the streets was not authorized to fix the compensation of the Superintendent of Streets.

5.   The action of the City Council of Old Town in allowing from time to time as presented, bills of the Superintendent of Streets for services in the care of the streets did not fix any salary or compensation for that office.

6.   Though the plaintiff may have been de jure Superintendent of Streets in Old Town from April, 1904, to Jan'y 26, 1905, it does not appear that any salary was fixed by law for that office to be paid by the city, hence he cannot recover any salary for that time.

7.   The statute R. S., chapter 23, section 72, provides a per diem compensation "for every day of actual service" only. The plaintiff rendered no service during the time named and hence cannot recover under that statute, even though he was prepared and desired to perform all the duties of the office, but was prevented by the action of the City Council.

8.   The plaintiff has included in his claim, however, an item of three dollars for services performed the preceding year, for which the defendant city consents that he may have judgment, and therefore the plaintiff may have judgment for that sum.

On report.   Judgment for plaintiff for $3.00.

Assumpsit on account annexed to recover the sum of $610.13, for salary connected with the office of Superintendent of Streets of the defendant city. The writ also contained a quantum meruit count as follows:

"Also, for that the said defendant, at said Bangor, to wit, at said Old Town, on the 4th day of April, A. D., 1905, in consideration that the plaintiff, at its request, had done and performed certain labor and services for it, the said defendant, promised the plaintiff to pay him on demand, so much money as he reasonably deserved to have therefor ; and the plaintiff avers that he reasonably deserved to have the sum of six hundred and ten dollars, and thirteen cents therefor, ($610.13) of which the defendant then and there had notice."

This action came on for trial at the January term, 1906, of the Supreme Judicial Court, Penobscot County, at which said term an agreed statement of facts was filed, and then by agreement the case was reported to the Law Court "for decision upon the agreed facts."

The agreed statement of facts is as follows :

"1. That, at the annual election of officers in said city, held on the first Monday in April, 1903, plaintiff was duly elected to the office of superintendent of Streets of said city, by the Street Board, under the amendment to the City Charter of 1903 as provided by chap. 197 of the Private and Special Laws for the year 1903, and acted in that capacity during the municipal year ending the first Monday in April, 1904, and that the balance of three dollars as specified in the account annexed to plaintiff's writ, was, and is due to him on his salary for the municipal year ending April 3, 1904.

"2. That, at the annual election of officers in said city, held on the first Monday in April, 1904, said plaintiff was re-elected to the office of Superintendent of Streets, by the Street Board, and that plaintiff duly qualified for that office and immediately entered upon the discharge of the duties of said office.

"3. That, at the regular meeting for election of officers held on the first Monday in April, 1904, as aforesaid, the regularly elected and qualified City Council of said city for said year, proceeded to, and did elect an entire new Street Board of five members, and this Board so elected, proceeded to, and did elect one George W. Griffin

to the office of Superintendent of Streets; that said Griffin thereafterward, namely, on April 6th, 1904, forcibly seized the team and other property pertaining to the Street Department, and assumed the office of Superintendent of Streets, and entered upon the performance of the duties thereof, thereby ousting the plaintiff from said office; that the said City Council refused to recognize said Stephens as the rightful incumbent of the office of Superintendent of Streets, but did recognize said Griffin in said office, and paid to him from month to month the salary fixed for that office by the de facto Street Board; that said Griffin, on and after April 6th, 1904, performed all the duties, and exercised all the functions of that office until, and including the 26th day of January, 1905, on which said date the said Street Board, elected in 1903 was declared to be the legally elected Street Board, and the said plaintiff the rightful incumbent of said office of Superintendent of Streets, and thereupon all the property pertaining to the Street Department was surrendered and turned over by said Griffin to the parties legally entitled to possession thereof, and said plaintiff was then and there re-instated in, and assumed the said office.

"4.   That, from and after his election to said office as aforesaid, on the said first Monday in April, 1904, and before any payments had been made to said Griffin, as aforesaid, said plaintiff gave notice to said City Council that he claimed to be the legally elected Superintendent of Streets, and that from said 6th day of April, 1904, to and including said 26th day of January 1905, said plaintiff repeatedly gave notice as aforesaid of his claim to said office, and held himself at all times in readiness to assume and perform the duties thereof; that he never resigned from said office nor was he discharged by the Street Board which elected him to that office; that during said period said plaintiff regularly presented to the said City Council of said city, monthly bills for the amount of the per diem salary due and payable to him from said office at the end of each month, according to the annexed schedule, payment of which was refused by said City Council.

"5.   That, after assuming said office, on January 27th, 1905, as aforesaid, plaintiff performed all the duties and exercised all the functions pertaining thereunto for the remainder of the current

municipal year, and during that time, namely, from January 27th, 1905, to April 3rd, 1905, was paid by said City Council of said city, on monthly bills rendered therefor to that body, the per diem salary of $1.50 per day, as fixed for said office by said Street Board, as hereinafter specified.

"6 . That the yearly salary or emolument fixed for the office of Street Superintendent by the Street Board for the years 1903 and 1904 consisted of two parts, namely : a flat sum of two hundred dollars, and $1.50 per day additional.

"7. That no salary for the office of Superintendent of Streets was fixed by the City Council for either of the years 1903, 1904 or 1905 ; that no special appropriation for salary for this office was made for either of said years 1903, 1904 and 1905, nor for several years previous to 1903 ; that for several years the salary of the Superintendent of Streets has been paid out of the appropriation for roads and bridges ; that the usual method of payment of this salary has been by presentment of bills for the per diem salary for each month to the City Council, which body approves and orders payment thereof monthly, and the flat salary is usually paid semi-annually, in September and February, and this is the usual manner of payment of salary and compensations in all similar cases ; that since the passage of the said amendment of 1903, the Superintendent of Streets has been elected and the salary for that office has been fixed by the Street Board each year.

" 8. That said plaintiff is the present incumbent of said office of Superintendent of Streets, and the aforesaid method of fixing his salary and the payment thereof has been followed during the current municipal year by the City Council of said city.

" 9. That the amount claimed to be due by the plaintiff is correctly stated in the account annexed to writ, but the defendant does not hereby admit that anything is due from defendant city to the plaintiff."

*Clarence Scott,* for plaintiff.

*F. J. Whiting,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J. From the first Monday in April, 1904, to January 26, 1905, the plaintiff was de jure, though not de facto, superintendent of streets in the city of Old Town, holding an office created by the charter of the city, and he was willing and prepared to perform the duties of the office, but was prevented from doing so by the city council's wrongful recognition of another person as superintendent of streets who did perform the duties of the office. The plaintiff now brings this action to recover the salary or emoluments of the office accruing during that time.

The superintendent of streets in Old Town was not, under the city charter, an employee or agent acting under contract with the city and entitled to damages for breach of a contract for employment. He was a public official possessing official powers and charged with public duties and hence, according to the well settled law, can recover only the salary or emoluments established by law for that office to be paid by the city. The question, therefore, is whether any such salary or emoluments were established for the office of superintendent of streets in Old Town.

The only statute cited is R. S., ch. 23, sec. 72, which provides that the compensation of the road commissioners of towns " shall be such sum as the town shall annually vote therefor, which sum shall in no case be less than one dollar and fifty cents a day for every day of actual service." Even if this statute includes the superintendent of streets provided for in the charter of the city of Old Town, it does not avail the plaintiff, since it limits the per diem compensation to days of actual service, and the plaintiff did not perform any service.

No such salary was established in terms by the city council. No appropriation was made for it, the compensation to the superintendent of streets being paid from time to time out of the general appropriation for roads and bridges upon bills presented therefor and allowed by special order of the council. The Street Board, however, a Board charged by the charter with general

superintendence of the streets and with the election of the superintendent, assumed as in preceding years to fix the salary at $200 per year and $1.50 per day additional. It is not claimed that the Street Board had any express authority from the legislature or city council to establish such salary, but it did have legislative authority to " make all contracts for labor." This power, however, cannot be stretched to include the power to establish an official salary for a public office.

The plaintiff contends that by allowing and paying for the municipal year 1904-05 and for several years next preceding the bills of the superintendent for salary as thus fixed by the Street Board, the city council impliedly adopted that act of the Board as its own act, and thus, by implication at least, established that salary for the office. This contention must be overruled. The payment of a claim made by an official for a specific sum as his official salary only disposes of that particular claim. It does not oblige the payment of any similar claim afterward made. It does not establish a salary for the office.

The plaintiff also counts upon a quantum meruit, and contends that, even if no stated sum has been established by law for the office, the sum claimed by him is a reasonable sum and what the responsibilities and duties of the office are reasonably worth. As already stated, there was no contractual obligation upon the city to make any compensation, hence there can be no recovery upon a quantum meruit. The city's obligation was only to pay such salary or make such compensation as should be established by law for the office. The government is not obliged to provide any salary or emoluments for the incumbent of any public office. If an office unprovided with compensation is accepted, the incumbent has no legal claim for compensation. The plaintiff's office does not appear to have been provided by competent authority with any compensation to be paid by the city, hence he cannot recover any for the time named. He has included in his claim, however, an item of three dollars for services actually performed the preceding year, for which the city consents he may have judgment.

*Judgment for the plaintiff for three dollars.*