# CHARLESTON.

COUNTY COURT OF TYLER COUNTY *v.* LONG, SHERIFF.

Submitted June 13, 1912.   Decided February 11, 1913.

1.  SHERIFFS AND CONSTABLES—*Compensation—Statutory Provision.*
    The right of a sheriff, to compensation is wholly derived from statute, and, being in derogation of the common law, the statute should be strictly construed.   (p. 9).

2.  PRISONS—*Rewards—Sheriffs and Constables—Compensation—Nature of Services.*
    Payments to a sheriff by a county court out of public moneys, (a) for services rendered in civil causes;   (b)   for making arrests in misdemeanor cases;   (c) for making   seizure   of gambling devices under section 1, chapter 151, Code 1906;   (d) for tobacco or other supplies furnished prisoners in jail; and (e) for rewards for the apprehension of criminals, or searching for bodies, not being authorized by law, are   illegal   and void.   (p. 9).

3.  SHERIFFS AND CONSTABLES—*Compensation—Recovery of Money Paid.*
    Payments so unlawfully made in ignorance or mistake of law may be recovered back by a county court by suit against such officer to whom such payments were so made.   (p. 13).

Error to Circuit Court, Tyler County.

Action by the County Court of Tyler County against Will E. Long, sheriff.   From a judgment for defendant, plaintiff brings error.

*Reversed and Entered.*

*K. C. Moore,* for plaintiff in error.

*Boreman & Carter,* for defendant in error.

MILLER, JUDGE:

Plaintiff sued defendant to recover moneys alleged to have been illegally paid him out of the county treasury.   The case was

72 W. Va.

submitted to the court on agreed facts. The court below found for plaintiff items aggregating $232.25, and for defendant as to the other items, aggregating $133.38, and gave judgment accordingly. Plaintiff has brought the case here to review that finding and judgment.

The items disallowed aggregate $133.38. Classified they fall under one of the other of the following heads: First: Charges for services rendered the County Court in civil cases: Second: Charges for making arrests in misdemeanor cases: Third: Charges for seizing gambling devices under section 1, chapter 151, of the Code: Fourth: Charges for tobacco and other supplies furnished prisoners in jails: Fifth: Rewards offered for apprehension of criminals or search for bodies.

Two questions presented are, first, were the items involved legally chargeable against the county, and payable out of public moneys in the county treasury? and, second, if not, but having been paid, are they recoverable from defendant?

A general rule applicable alike to each of the several classes of items is that the right of a sheriff to compensation is wholly derived from statute, and, being in derogation of the common law, the statute should be strictly construed. 25 Am. & Eng. Ency. Law, 730; 35 Cyc. 1547, *et seq.*

Section 9, chapter 15, Acts 1908, in force when defendant performed the services in question, a chapter which by its title was an act to prescribe the duties and fix compensation of sheriffs and other officers of the several counties of the state and for other purposes, and which by its terms repeals all acts and parts of acts inconsistent therewith, says: "Each sheriff * * * shall receive as compensation for his services as such sheriff * * * the following sums, to-wit: (a) The salaries authorized by law to be fixed by the county court of the respective counties and paid out of the county treasury; (b) Such allowance or allowances as may be made by the county court of the different counties to such officers by authority of law now in effect. (c) Eighty-five per centum of all other fees, costs, percentages, perquisites, commissions and emoluments; provided, however, that such sheriff * * * * shall receive all fees, costs, percentages, perqui-

sites, emoluments and commissions collected or received by him until the gross income of his office from all sources including salaries and allowances as aforesaid shall equal the following sums, that is to say: For the office of sheriff, three thousand dollars." Section 49, of chapter 39, Code, as amended by chapter 32, Acts 1909, in effect May 26, 1909, authorized the county court of Tyler County to allow annually to the sheriff of that county, and for which no other fee or reward is allowed by law, to be paid out of the county treasury, a sum not to exceed three hundred dollars. The last provision of that section, relating to the prosecuting attorney, is significant, as follows: "And it shall be the duty of the prosecuting attorney to attend to, bring or prosecute, or defend, as the case may be, all actions, suits and proceedings in which his county or any district board of education is interested, without additional compensation."

As pertinent also to the questions presented the State Tax Commissioner urges upon us consideration of a provision of section 9, chapter 9, Acts 1908, an act, according to its title, "to regulate the rate and manner of laying levies for taxation in counties * * * and to provide penalties for the illegal expenditure of public moneys, incurring of illegal obligations," etc. Section 9 of that act, among other things, provides that, "It shall be unlawful for any county court, board of education, or council of a municipal corporation, or other body charged with the administration of the fiscal affairs of any county, * * * * to expend any money or to incur any obligation or indebtedness which such tribunal is not expressly authorized by law to expend or to incur." Another statute, which the State Tax Commissioner regards as determinative of the questions here presented, is section 24, of chapter 137, Code 1906. This chapter relates to fees of officers. Those provisions are as follows: "The fees mentioned in this chapter shall be chargeable to the party at whose instance the service is performed. * * * No sheriff shall charge for serving such or any other public orders nor for summoning and impaneling grand juries. No clerk or sheriff shall receive payment out of the treasury for any service rendered in case of the State, except where it is allowed by law."

Of equal or greater significance, we think, is the provision of section 23, of said chapter, as follows: "There shall be paid out of the state treasury to clerks and sheriffs for services rendered the state in a civil case such fees as would be chargeable for the like service of an individual, after such fees are duly certified to the auditor." The rest of this section relates to the payment by the county court of fees to sheriffs for the arrest and care of prisoners in felony cases, according to the provisions of chapter 161 of the Code. What we wish to emphasize with respect to this provision is that although it provides for special fees for clerks and sheriffs, for services rendered the state in civil causes, there is no provision in any statute, for compensation to clerks or sheriffs for services rendered counties in civil causes; nor is there to be found in any statute any provision for extra compensation to sheriffs, for making arrests in misdemeanor cases, nor for making seizure of gambling devices, under section 1, chapter 151, Code 1906, other than out of the money or property actually seized. Nor do we find any specific provision for allowances to sheriffs for tobacco and other supplies furnished prisoners in jail, or for rewards for apprehension of criminals or searching for bodies.

The reason why by section 23, of chapter 137, clerks and sheriffs are given extra compensation for services rendered the state in civil cases, no doubt, is because such services are not covered by any salaries paid by the state. By omitting to provide special compensation for services rendered the county in civil cases, we must say the Legislature plainly intended, that all such services, as well as all other services not provided for by law, were intended to be covered by the annual allowances or salaries paid by the counties by order of the county court.

By all authorities a public officer takes his office subject to all burdens which the law imposes, and his compensation is limited to what is expressly authorized by law. This proposition is fully supported by the many decisions, which by diligence the State Tax Commissioner has collated and cited in his brief. It will be sufficient for our purposes to refer to them merely by reference to the style of the case and the books and pages where recorded,

as follows: *State ex rel. Pollard* v. *Brewer,* 59 Ala. 130; *Norfolk* v. *Pollard,* 94 Va. 279; *Stephens* v. *Old Town,* 102 Me. 21; *Crocker* v. *Supervisors of Brown County,* 35 Wis. 284; *Hempstead County* v. *Jones,* 62 Ark. 272; *State* v. *Brown,* 146 Mo. 401; *B. of C. of Tippecanoe County* v. *Barnes,* 123 Ind. 403; *Red Willow County* v. *Smith,* 67 Neb. 213; Murfree on Sheriffs, §§1078, 1082; *Lancaster* v. *Barnwell,* 40 S. C. 446; *Mason County* v. *Com'rs. of Mason,* 140 Ill. 539; *State* v. *Flynn,* 161 Ind. 554; *Palo Alto County* v. *Burlingame,* 71 Ia. 201.

Sufficient has been said we think respecting the illegality of the charges covered by the first, second, and third class of items. The charges for toabcco and other supplies furnished prisoners in jail, covered by the fourth class, may deserve further notice. Section 22, chapeer 137, Code 1906, allows the jailer a minimum and maximum fee, to be determined by the county court and paid out of the county treasury, for keeping and supporting a prisoner confined in jail. No authority is found in law for disbursements for tobacco and other supplies, which may be regarded as luxuries, and if regarded as necessaries, they would certainly be covered by the per diem allowance provided by statute. Section 40, of chapter 41, of the Code, relating to this subject provides as follows: "The jailer shall cause all the apartments of his jail to be well whitewashed at least twice in every year, and have the same properly aired and always kept clean. He shall furnish every prisoner with wholesome and sufficient food, and with a bed and bedding cleanly and sufficient, and have his apartment warmed when it is proper. In case of the sickness of any prisoner, he shall provide for him adequate nursing and attendance, and if there be occasion for it, and circumstances will permit, shall confine him in an apartment separate from other prisoners. In no case shall a jailer permit the use of ardent spirits in the jail, except when prescribed by a physician."

The fifth class of items also deserves further consideration. This item was paid to defendant upon a reward offered by the court January 20, 1909, for the search and finding of the body of one William Roberts, deceased. We have searched the statutes in vain for any authority in the county court to offer or

pay that reward, and particularly to a public officer like the sheriff. This would seem to be a sufficient answer to the claim of right. Authority to offer and pay such a reward seems then to have been conferred solely upon the Governor of the State. Section 19, chapter 14, Code 1906. And in some instances upon the warden of the state penitentiary. But this section expressly provides that the reward authorized by the governor shall not be paid to any sheriff or other officer, who may arrest any person by virtue of any process in his hands to be executed. True, a later statute, not in force when this service was performed by the defendant, chapter 13, Acts 1911, provides, as follows: "Sec. 1. The county court of any county, or any tribunal acting in lieu thereof, together with the circuit court, or judge thereof in vacation, may, within their discretion, offer rewards for the apprehension of persons charged with crime. Sec. 2. Such reward shall be paid out of the county fund in the same manner as other county expenses are paid." This chapter does not purport to be an amendment of any previous statute, but is a new and independant act, and evinces the judgment of the legislature at least, that no previous statute authorized the county court to offer or pay such a reward. And it is pertinent to note that even this statute requires the concurrent action of the circuit court, or the judge thereof in vacation, to render the offer of reward legal and payable out of the county treasury. Moreover, it is doubtful whether a public officer, as a sheriff, would be entitled to a reward under this chapter; but we need not and do not decide the question. We refer, however, to the following decisions on the subject, cited by the State Tax Commissioner: *Rockwell* v. *Monroe County,* 10 Ia. 591; *Somerset Bank* v. *Edmund,* 76 Ohio St. 396; *Hawk* v. *Marion County,* 48 Iowa 472; *Huntington* v. *Heaston,* 144 Ind. 583; *Grant* v. *Bradford,* 72 Ind. 455.

Lastly, the question is presented whether the county court, having voluntarily paid these items, can recover them from the defendant? If private individuals alone were involved the right would be very doubtful; indeed the general rule seems to be that voluntary payment, made by mistake or ignorance of law, but with full knowledge of all the facts, and not induced by fraud or

improper conduct on the part of the payee, cannot be recovered back. But this rule, it seems, is inapplicable to unauthorized payments of public money by fiscal bodies, such payments being regarded as in fact no payments and not voluntary payments. This exception to the general rule seems to be fully supported by the authorities cited by the State Tax Commissioner, as follows: *Ada County* v. *Gess,* 4 Idaho 611; *Ellis* v. *Board, etc.,* 107 Mich. 529; *County of Allegheny* v. *Grier,* 179 Pa. St. 639; *Fort Edwards* v. *Fish,* 156 N. Y. 363-374; *County of Wayne* v. *Reynolds,* 126 Mich. 231; *Commonwealth* v. *Field,* 84 Va. 26; *Iowa* v. *Young,* 134 Iowa 505; *Health* v. *Albrook,* 123 Iowa 559; *Ward* v. *Town of Barnum,* 10 Col. App. 496.

Our conclusion is to reverse the judgment below and to enter such judgment here as we think the circuit court should have entered, finding for the plaintiff in the sum of $365.63, in place of $232.25, as found by the circuit court, and in place of the judgment there entered, that the plaintiff recover of the defendant said sum of $365.63, with interest thereon from February 28, 1912, until paid, together with its costs in this Court and in the circuit court in this behalf expended.

*Reversed and Entered.*