No. 2677.

## BACA et al. v. BOARD OF COMMISSIONERS OF TORRANCE COUNTY.

### SYLLABUS BY THE COURT

(1) Where a sheriff and his deputy agree with the county to accept 12 1-2 cents per mile, for all distance actually and necessarily traveled in the discharge of their official duties, plus the upkeep and repair upon their respective automobiles used therein, and later enter into a subsequent agreement whereby they are to accept 18 1-2 cents per mile for all such distance traveled, they thereby become impliedly

obligated to accept the same in full payment of all compensation due therefor.                              P. 462

(2) Such officers after accepting such compensation, cannot, in the absence of an express agreement to that effect, recover from such county for the depreciation in the value of such automobiles so used by them.              P. 462

Appeal from District Court, Torrance County; Ed Mechem, Judge.

Action by Alejandro Baca and another against the Board of County Commissioners of Torrance County. From a judgment for plaintiffs, defendant appeals. Reversed and remanded, with directions.

H. S. Bowman, Atty. Gen., for appellant.

R. L. Hitt, of Mountainair, for appellees.

### OPINION OF THE COURT

BRATTON, J.   Appellee Alejandro Baca was deputy sheriff of Torrance county during the years 1917 and 1918, and was sheriff of that county during the years 1919 and 1920.   Appellee L. S. Rousseau occupied the position of deputy sheriff of said county during 1919 and 1920.   The controversy involved in this case arose over a claim filed by them with the appellant, board of county commissioners of Torrance county, covering the depreciation in value of two automobiles privately owned by the appellees and used by them in the discharge of their official duties.   Appellee Baca claimed $800, and appellee Rousseau claimed $250 on such account.   The appellant denied the claims, from which appellees appealed to the district court of Torrance county.   A trial there resulted in awarding $500 to Baca and $200 to Rousseau, which sums the appellant was directed to pay, and from which this appeal has been perfected.

The undisputed evidence shows that the car in question, upon which appellee Baca seeks to recover, was purchased by him about March 6, 1917, at a cost of $850, and was used from that time to about Oc-

tober, 1920, at which time it was exchanged in trade for another car in which exchange it was valued at $200; that the car in question belonging to appellee Rousseau was purchased by him in July, 1919, at the price of $800, and was used in the discharge of his official duties from that date until the end of 1920. During the time appellee Baca was deputy sheriff he bore the expense of upkeep and repair of such car. When he became sheriff, an agreement was entered into whereby the county paid him 12 1-2 cents per mile for all travel while in the discharge of his official duties, and in addition thereto, it paid all charges for repair and upkeep of such car. This continued until October, 1919, at which time a new agreement was entered into whereby the county agreed to pay 18 1-2 cents per mile for all distance traveled in the discharge of official duties, with the further provision that the said Baca personally bear the expense of upkeep and repair on his car. This agreement continued throughout the remainder of his term of office. The county paid appellee Rousseau 12 1-2 cents per mile from the time he acquired his car until October, 1919, together with all costs of upkeep, and 18 1-2 cents per mile from October throughout the remainder of his term of office as deputy sheriff, during which time he was to and did bear all expenses of repair on such car. No discussion was ever had, nor agreement ever entered into, whereby the county obliged itself to bear the expense of the depreciation in value of the cars in question, and if it is liable therefore, such liability must arise out of the statutes.

The right of a sheriff to compensation is wholly derived from statute, and being in derogation of the common law, such statutes are strictly construed. The general rule is that such officer is entitled to only such compensation as is expressly provided by statute. 35 Cyc. 1547; 24 R. C. L. p. 1001, § 98; County Court v. Long, 72 W. Va. 8, 77 S. E. 328, Ann. Cas 1915B, 808. Keeping this rule in mind, we

seriously doubt if depreciation in the value of an automobile which is used by a sheriff or his deputy in the discharge of their official duties can be regarded or classified as traveling expenses actually and necessarily incurred. In view of our opinion upon another phase of the case, however, it becomes unnecessary to decide this question.

Section 1266, Code 1915, provides the fees to be charged by sheriffs for the performance of certain official duties, including serving various kinds of processes and the collection of money under writs of execution. Section 1270 provides that such sheriffs shall be paid mileage at the rate of 12 1-2 cents per mile for the distance actually and necessarily traveled in serving any warrant, process, order, citation, summons, jury venire, or decree of any courts. Said section is as follows:

"The sheriff of the several counties of this state shall be paid milage at the rate of twelve and one-half (12½) cents a mile, for the distance actually and necessarily traveled in serving warrants, process, order, citation, summons, jury venire, or decree of any courts now provided by law: Provided, that in serving any jury venire mileage should only be charged once to the farthest point actually traveled in serving such venire. For boarding prisoners confined in the county jail such sheriff shall be paid at the rate of seventy-five cents per day each.

"Provided, however, that for all prisoners in excess of ten, fed during any day, said sheriff shall be allowed at the rate of 50 cents per day each only for those in excess of ten."

Chapter 42, Laws of 1915, by which section 3, ch. 12, Laws of 1915, was amended, which is commonly called the "county officers salary bill," provides that all traveling expenses actually and necessarily incurred by sheriffs and their deputies, while engaged in the service or execution of criminal and civil process issued out of the Supreme Court or a district court, as well as criminal process issued by a justice of the peace which is approved in writing by the district attorney or his assistant, shall be paid by the

respective counties in behalf of which the same may be incurred. This section is in the following language:

"All traveling expenses actually and necessarily incurred by sheriffs and their deputies while engaged in the service of criminal process issued out of the Supreme Court or a district court, or when issued by a justice of the peace in the state, if the issuance thereof is approved in writing by the district attorney or his assistants, including the employment and necessary traveling expenses of guards authorized by law to be employed, and the necessary traveling expenses of prisoners, shall be paid by the respective counties in behalf of which the same may be incurred. The actual expenses incurred in or about the service of civil process shall likewise be paid. Such expenses shall be paid only upon the rendition of itemized, sworn accounts filed in the county clerk's office, approved by the county commissioners and district judge. In the discretion of the district judge such expenses may also be paid when incurred in the attempt to discover or arrest any person charged with a felony, but only upon the rendition of like sworn accounts filed as aforesaid and approved in writing by the district judge. Upon approval of all such expense accounts warrants covering same shall be drawn by the county commissioners upon the county treasurer, payable from the county salary fund, hereinafter created.

"Provided: All actual and necessary expenses incident to the transportation of prisoners to the penitentiary shall be paid by the state out of such funds as are or may be appropriated for such purpose, upon itemized, sworn accounts filed with the state auditor and warrants drawn by the latter upon the state reasurer."

[1, 2] It is to be noted that section 1270, supra, provides the rate of mileage to be charged litigants for the distance actually and necessarily traveled in the service of process, while chapter 42, Laws of 1915, supra, provides that the county shall pay to such sheriffs, or their deputies, all traveling expenses which are actually and necessarily incurred in the service or execution of all civil and criminal process issued from this court or from a district court, or such criminal process as may be issued by a justice of the peace by and with the written approval of the district attorney or his assistant.

In the instant case, the parties entered into an agreement, under the terms of which the appellees

used their respective automobiles. They have accepted and collected from the county for all process, both civil and criminal, executed by them, mileage at the rate of 12 1-2 cents per mile, plus the upkeep and repair on such automobiles under the terms of their first agreement, and have accepted and collected 18 1-2 cents per mile under their second agreement, and in addition thereto, they now seek to recover for the depreciation in value of such automobiles. This, we think, they cannot do. When they entered into such agreements, which clearly comprehended and embraced their compensation for such discharge of official duties, and thereafter accepted, collected, and retained the full amount of such agreed compensation, they cannot thereafter recover additional compensation, whether it be by way of depreciation in value of automobiles or otherwise. They became impliedly bound to accept such compensation in full settlement of such services, and the county, upon such payment, became absolved from any further liability on that account.

No question is presented with regard to the legality or validity of the agreements we are now considering. They have not been assailed on account of being against public policy; neither is the lack of authority on the part of the county to enter into or be bound by them presented. We therefore express no opinion upon either subject.

For the reasons stated, the judgment is reversed, and the cause remanded, with direction to enter judgment in favor of the appellant, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.