On Rev. Code 1919, Sec. 1760, see annotations 5 U. L. A., Sec. 56, page 235.

ROBERTS et al, Respondents, v. LAWRENCE, Appellant.

(207 N. W. 104.)

(File No. 5483.    Opinion filed January 23, 1926.)

**Highways—Counties—Appeal and Error—Contractor May Sue County for Contract Claim Without Appealing from Order of Commissioners Rejecting Claim.**

Under Rev. Code 1919, Sec. 5898, a contractor must present claim for labor and materials furnished on highway to county commissioners before suing on claim, but thereafter he may sue in circuit court without appealing from order of commissioners rejecting claim.

Appeal from Circuit Court, Lawrence County; HON. JAMES McNENNY, Judge.

Action by Daniel P. Roberts and others against the County of Lawrence. From an order overruling its demurrer, defendant appeals. Affirmed.

· *Emert H. Leaton,* of Lead, and *Francis J. Parker,* of Deadwood, for Appellant.

*Hayes & Heffron* and *Rice & Wishart,* all of Deadwood, for Respondents.

BURCH, C.    Plaintiffs bring this action to recover of the defendant, Lawrence county, the sum of $4,384.80 claimed to be due them upon contract for material and labor furnished in the construction and repair of a highway. Among other things, the complaint alleges that plaintiffs presented the claim to the board of county commissioners of said county, and on the 9th day of April, 1923, the said board rejected the claim. Defendant demurred to the complaint on the grounds that the court has no jurisdiction of the subject of the action. The court overruled the demurrer, and defendant appeals from such action of the court.

The sole question presented is the right of the plaintiffs to institute this proceeding in the circuit court as an original action

after the same has been rejected by the board of county commissioners. The defendant contends that plaintiffs' only remedy was by an appeal from the order of the county commissioners rejecting the claim. Since this is the only question presented, it will not be necessary to set out the complaint in this opinion. Section 5898, R. C. 1919, provides:

"No suit shall be instituted against any county to enforce the collection of a claim against it, unless such claim shall have been duly presented to and acted upon by the board of county commissioners; provided, that in case such board, having had such claim before it at a regular meeting, shall have failed and neglected to act upon such claim, it shall then be lawful for the owner of such claim, or his legal representatives, to bring suit in any competent court to enforce the collection of such claim, and provided, further, that this section shall not apply to cases where purely equitable relief is sought."

There is nothing in the foregoing section which prevents the commencement of an original action in the circuit court upon a claim arising in contract. The only limitation to the commencement is that the claim must first be presented to the board for its allowance or rejection and an opportunity given the board to act thereon.

In the case of Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471, it appeared that the county superintendent of the board of health performed certain personal services for which he claimed compensation; that he presented a claim to the county commissioners, the major portion of which was rejected, and the said superintendent then brought an original action in the circuit court to recover the balance of his claim. This court held in that case that plaintiff's only remedy was by appeal, and that an original action would not lie. But the reason given was that plaintiff had no right of action upon which suit could be brought until the county board fixed his compensation, and the fixing of compensation in the manner provided by law was a prerequisite to the bringing of an action in any manner. Judge Whiting states the position of the court in the following language:

"If the statute had provided that the respondent should receive a reasonable compensation, with no provision that the same should be fixed by the board of county commissioners, he clearly

would have had the right to present his claim to such board, and, if they had rejected the same, to either have appealed therefrom or to have brought an original action in the circuit court; but the statute provides that this compensation shall be fixed by such board. It follows that a proper procedure was for the respondent, after performing the services, to have presented to the board of county commissioners a statement showing the services rendered (which statement might or might not have been accomplished by a claim setting forth the amount which he thought was reasonable and just) and to have asked such board to fix his compensation. When the board had fixed such compensation, if the respondent was satisfied therewith, he then could have presented his bill or claim based upon such allowance, which the commissioners could have allowed and paid, or, if they saw fit, rejected. If they rejected the same, then the respondent would have been in a position to either appeal from the order rejecting the claim, or to have brought an independent action, basing his cause of action upon the allowance made by the commissioners. In case the allowance made by the commissioners was by the respondent deemed inequitable, he would have had a right to appeal from such quasi judicial action on the part of the commissioners, and, upon such appeal, the circuit court would have determined the just amount of such compensation, after which the respondent could have presented to the county commissioners his claim based upon the allowance as fixed on appeal ᵒʳ ⁱˢ ᵇᵗ ᵇ ers disallowed such claim, he could either appeal therefrom to the court or institute an original action. In the case at bar the superintendent, instead of aplying to the commissioners to have the amount of his compensation fixed and afterwards presenting a claim based on what the commissioners allowed as compensation or appealing from such allowance, presented to such commissioners a bill and claim calling upon the board to fix his compensation and also to allow his claim therefor. Conceding that the respondent had the right to present both matters together, it follows as a necessary sequence that when such commissioners rejected his claim without fixing any compensation which could form the basis of an independent action his only remedy was by appeal."

In this case plaintiffs' right of action is fixed by contract. The court in determining plaintiffs' rights must be governed by the

contract and not by any action of the board.  Plaintiffs have the right to have their claim judicially determined by a court, and are not confined to an appeal from a decision of the county commissioners, who are agents of the other party to the contract.  The case of Hoyt v. Hughes County, supra, indicates, and practically decides, that plaintiffs have a right to institute an original action in the circuit court under the facts appearing in this case.  In that case the court carefully distinguished the holding therein from the holding which must logically follow in this case.  The distinction may be tersely stated as follows: Where there is no liability to base a claim on until the board acts in a quasi judicial capacity fixing a liability, the action of the board in fixing the liability is final, undess reviewed on appeal, and, if a claim is coupled with the application to fix the liability, claimant must abide by the allowance of the board or appeal, since the amount allowed fixes the liability of the county, and there is no liability on which to base a suit for more.  Where a liability exists by contract or otherwise, without any action of the board, suit may be brought directly in court, subject only to the statutory requirement that before plaintiff brings the action he must give the board a chance to pay without suit.

The order of the circuit court overruling defendant's demurrer to the complaint is affirmed.

Note.—Reported in 207 N. W. 104.  See, Headnote, American Key-Numbered Digest, Highways, Key-No. 113(4), 29 C. J. Sec. 354.