[File No. 6481.]

WARD COUNTY, a Public Corporation, Respondent, v. HENRY L. HALVERSON, Appellant.

(274 N. W. 664.)

Opinion filed August 16, 1937.

*B.; H. Bradford* and *Henry E. Johnson,* for appellant.

*Roy A. Ilvedson,* State's Attorney, and *B. A. Dickinson,* for respondent.

ENGLERT, D. J. The plaintiff, Ward county, is a public corporation. In January, 1929, the county commissioners of Ward County, appointed the defendant, a licensed physician and surgeon, county superintendent of public health of said county. He acted in that capacity, and was reappointed for six successive years.

The plaintiff brought this action to recover from the defendant the sum of $13,898.80. It claims that this amount was illegally paid to him out of the county treasury, between July 1, 1929, and January

24th, 1935. It alleges that "the action of the county board of health, in auditing, and the board of county commissioners in allowing and paying the defendant the amount of said bills so presented was arbitrary and was a gross abuse of discretion, and the action of said boards in so allowing said bills and paying the same was constructive fraud on the plaintiff."

The defendant admits that between July 1, 1929, and January 24, 1935, he was paid by Ward county the amount mentioned.

His defense, in substance, is, that the board of public health investigated the facts concerning the necessary expense, audited the bills submitted therefor by the defendant, and allowed, in its discretion, a flat rate of thirty cents per mile, actually and necessarily traveled by him in connection with his official duties.

The case was tried by the court without a jury. Judgment for the plaintiff was ordered in the sum of $9,356.33. From the judgment thus entered, the defendant appealed to this court. He demands a trial de novo here.

The facts are not in dispute. In 1912, the board of county commissioners and the county board of health of Ward county, established a rule that the county superintendent of public health should receive for the entire expense of his office and mileage, a flat rate of not to exceed thirty cents per mile, actually and necessarily traveled by him while in the performance of his official duties. Such rule was established for the purpose of obviating the necessity of keeping a strict account of his office expenses. He was required to keep a strict account of the mileage necessarily traveled in connection with his official business. This was done.

On bills itemized and verified by the defendant, and presented to the county board of health, he was allowed, at the rate of thirty cents per mile, except for the months of September, October, November and December of 1932, when he was allowed twenty-five cents per mile, and in the months of December, 1934, and January, 1935, he was allowed twenty cents per mile. The defendant, while necessarily engaged in the performance of his official duties, between July 1, 1929, and January 24, 1935, actually traveled 46,933 and 2/3 miles. After auditing and allowing the bills, the states attorney approved and

signed them, and they were duly certified to the county commissioners for payment. The county commissioners then allowed them, and they were paid by the county treasurer.

The theory of the plaintiff is, that the defendant, as a public officer of Ward county, collected and received compensation in excess of the amount legally due him. In support of this contention, the plaintiff cites and relies upon the following cases: Ward County v. Warren, 32 N. D. 79, 155 N. W. 658; Chrysler Light & P. Co. v. Belfield, 58 N. D. 33, 224 N. W. 871, 63 A.L.R. 1337; State v. Young, 134 Iowa, 505, 110 N. W. 292, 13 Ann. Cas. 345; County Ct. v. Long, 72 W. Va. 8, 77 S. E. 328, Ann. Cas. 1915B, 808; Norfolk County v. Cook, 211 Mass. 390, 97 N. E. 778, Ann. Cas. 1913B, 650; Huntington County v. Heaston, 144 Ind. 583, 41 N. E. 457, 43 N. E. 651, 55 Am. St. Rep. 192.

Those cases all support the rule that fees or compensation paid to public officers, out of public funds, in excess of that allowed by statute, or in defiance of statute, or not legally chargeable, or under mistake of law, or through fraud or mistake, can be recovered. With the principles upon which those decisions rest, we are agreed.

As stated by Justice Hammond, in the Norfolk county case, "They can pay when the law requires or permits, and they cannot pay when the law forbids."

The inquiry here is, does the statute applicable to this case forbid the allowance here made and paid? If not, then did the board act within its discretionary powers in allowing the same?

Chapter 105, Laws of 1929, governs here. So far as material, that statute provides: "The county superintendent of health shall receive from three hundred dollars to six hundred dollars a year for his office work, which sum shall be determined annually by the county commissioners, and according to the efficiency of the health officer and the amount and character of the work performed. He shall also receive five dollars per day for every day or fraction thereof that he may be actually and necessarily engaged in the performance of his official duties, not including work confined to his office, *and in addition thereto, all his other necessary and actual expenses while SO engaged.*" Italics ours.

The powers and duties of the county boards of health are set forth in § 407, Comp. Laws 1913. Subdivision 4 of that section, says: "All expenses actually or necessarily paid or incurred by the county board of health, . . . shall be audited by the board (of health) and certified to the county commissioners, and shall be paid as other county expenses are paid." Under the provisions of this statute, the board of county commissioners, when a bill is thus presented to it for payment, acts thereon only in a ministerial capacity. It has no discretionary power to audit, reduce or increase the amount of the bill. This much is conceded by the plaintiff.

There is likewise no controversy over the annual salary ($300.00) allowed by the county commissioners. There is no claim either that any more than the per diem fee allowed by statute was charged and paid. The dispute arises over whether the county board of health acted within the scope of its discretionary powers in allowing 20c, 25c, and 30c per mile to the defendant.

There is no question as to the good faith of the parties to these transactions. The sole question is whether the payments were made without authority of law.

Under those statutes, it is not a question of the board of health having exceeded or gone beyond the limitations fixed thereby. The legislature left it with the board to investigate the matter of expense, and vested it with authority to determine the amount that would cover the same.

In examining, determining and allowing what in its judgment, would cover the defendant's actual and necessary expenses while he was engaged in the performance of his official duties as such public health officer, the county board of health was acting in a discretionary capacity. While men may differ as to the wisdom of the board in allowing the amount it did, the legislature has seen fit to repose in that board the duty and authority to investigate the facts and to arrive at a conclusion with respect to the matter of expense, and gave no authority to any other board or tribunal to either review or interfere with its determination, no matter how erroneous it may be. The statute does not provide for any appeal from the decision of the county board of health. While there may be some difference of opinion, the courts generally hold, under statutes, vesting certain discretionary

powers in public officers or boards, and especially when the statute provides no method of appeal, that in arriving at their decision from the facts before them, they act in an administrative capacity, and that their action is final and conclusive upon the courts unless attacked for fraud or mistake, and such is the rule in this state. State ex rel. Verry v. Murray, 65 N. D. 600, 260 N. W. 577. See also State ex rel. Goodhope v. Leyse, 60 S. D. 384, 244 N. W. 529; Oakman v. Eveleth, 163 Minn. 100, 203 N. W. 514. State ex rel. Topping v. Houston, 94 Neb. 445, 143 N. W. 796, 50 L.R.A.(N.S.) 227.

In this last case, the court said: "The general rule is that, where any officer or board is vested with authority to determine a question concerned with the administration of his or its duties, his or its decision, if made in good faith, is decisive of the point, in the absence of fraud or mistake."

In State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191, under a statute creating a drainage board, and authorizing it to hear facts, and assess benefits, this court held that the board was "exercising functions in their nature judicial. . . . The statute not having provided for an appeal nor for a review by any other body, court or tribunal, its action is final unless attacked for fraud."

In Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16, the court said: "No provision is made for an appeal from the decision of the city council and under well settled rules of law applicable to other boards empowered to determine facts, the decision of the city council as to the facts is, in the absence of fraud, final and conclusive upon the courts."

While we have not, after diligent search, found any decision directly in point, the court, in the case of Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471, cited by the defendant, had occasion to consider the action of the board of county commissioners, under a somewhat similar statute, in allowing some and disallowing other items of expense and services, claimed by the county superintendent of public health. Under the South Dakota statute the county commissioners acted as the county board of public health, and it vested the commissioners with the authority to make allowances for "other services," to the superintendent. The court said: "The entire amount of the items rejected are included within the second division of the statute

providing *'such other sums AS the board of county commissioners may allow,'* and being clearly within the discretionary powers of the county commissioners. It is a matter of discretionary judgment reposed by the law in the board of county commissioners to fix and determine the amount plaintiff should receive for *'such other'* services. No other tribunal in the first instance was authorized to determine or allow the amount of compensation for such other services. The fact that the commissioners refused to allow plaintiff anything at all might have been very erroneous, but such board in so doing acted upon a matter within the discretion reposed in it by legislative enactment."

While the South Dakota statute provided for appeal from the decision of the commissioners, the court, in the Hoyt Case, said: "When no method of appeal is provided, such action of the commissioners becomes final, and is not subject to review by the courts in a direct original action." There, as here, no actual fraud was claimed.

The plaintiff, however, maintains, that the Hoyt Case was modified by the later decision of Roberts v. Lawrence County, 49 S. D. 284, 207 N. W. 104, and is not, therefore, authority for defendant's contention.

A careful reading of the Roberts Case convinces us that it did not modify the Hoyt Case. The court simply distinguished the nature of the action in the Roberts Case from that in the Hoyt Case. The court, in the Roberts Case, said: "In this case plaintiff's rights must be governed by the contract and not by any action of the board. . . . The distinction may be tersely stated as follows: Where there is no liability to base a claim on until the board acts in a quasi judicial capacity fixing a liability, the action of the board in fixing the liability is final, unless reviewed on appeal, and, if a claim is coupled with the application to fix the liability, claimant must abide by the allowance of the board or appeal, since the amount allowed fixes the liability of the county, and there is no liability on which to base a suit for more. Where a liability exists by contract or otherwise, without any action of the board, suit may be brought directly in court, subject only to the statutory requirement that before plaintiff brings the action he must give the board a chance to pay without suit."

The statutes in this case, and a review of the authorities that bear close analogy to the matter in hand, lead us to the conclusion that the

county board of health was authorized to investigate the facts, and therefrom determine the necessary and actual expenses of the county superintendent of public health while he was engaged in his official duties, and that in determining the same as a part of its administrative function, it was exercising a power involving discretion and judgment, and that its decision, no appeal having been provided for by statute, is binding upon the courts, unless attacked for fraud or mistake.

On oral argument counsel for both sides specifically stated that the initiated measure, approved June 29, 1932, Laws 1933, page 495, reducing mileage and travel expenses "of county officials and their deputies" has no application to the county superintendent of public health and hence has no bearing whatever in this case. A consideration of the initiated measure and of then existing as well as subsequent legislation leads us to the conclusion that counsel were correct in their position as regards the initiated measure.

The next question is, was the amount allowed so arbitrary and so excessive as to amount to constructive fraud? The plaintiff claims it was. It cites and relies upon Ward County v. Warren, 32 N. D. 79, 155 N. W. 658. In that case the county superintendent of schools of Ward County, presented to the county commissioners verified bills for mileage he had not traveled. There was a clear matter of actual fraud perpetrated upon the county commissioners in that case. Such is not the case here. There is no claim of fraud in the present case. As already stated, the good faith of the parties is conceded. But it is claimed that the amount allowed is so excessive as to amount to constructive fraud. The county superintendent of schools, an ex officio member of the board of health, testified that, on investigation, the board found livery hire alone would have cost the county twenty-five cents per mile. The defendant testified, that from December to some time in March, the branch roads were virtually impassable, "and when I went I would take along a man to help push, help shovel snow." This evidence bears upon the question of what the board may have considered in arriving at the necessary expense.

In Gehrke v. Divide County, 58 N. D. 413, 226 N. W. 536, this court said: "The statute here involved reposes a very wide discretion

in the boards of county commissioners. The defendant commissioners acted under the power granted to them. They exercised their discretion. Even though their judgment may not have been sound or their discretion wise, nevertheless, that which they determined upon will not be disturbed in a court of equity unless an abuse of discretion so great as to amount to fraud has been established."

We are of the opinion that no constructive fraud has been shown.

It follows from what has been said that the judgment must be reversed, and the action dismissed. It is so ordered.

CHRISTIANSON, Ch. J., and BURR, NUESSLE and MORRIS, JJ., concur.

BURKE, J. did not sit on the argument of the above cause, Hon. M. J. ENGLERT, Judge of First Judicial District, sitting in his stead.